CHARLES J. MINOR, Plaintiff in Error, *v.* JOHN HERRIFORD *et al.*, Defendants in Error.

ERROR TO FULTON.

To constitute a proper levy on personal property, it must be at the time within the control of the officer; and he must so deal with it, that he would, without the protection of the writ, be a trespasser.

THIS is an action of trespass, originally brought by the plaintiff in error against the defendants in error, before a justice of the peace in Fulton county.

The parties appeared, and trial was had by a jury, which resulted in a verdict for plaintiff for the sum of $55, upon which judgment was rendered by the court.

An appeal was taken to the Circuit Court of said county.

At the September term of said court, the parties appeared, and the cause coming on for a hearing, waived a jury, and put themselves on the court for trial. Whereupon, the plaintiff called

*Robert Johnson* as a witness on his part, who testified that he resided in Bernadott, Fulton county, Illinois, in March, 1859, and for some time previous; that he is a wagon maker; that about March 1st, 1859, the plaintiff brought to his shop to be repaired, a two-horse wagon, which he had frequently seen the plaintiff use; that shortly after the plaintiff left the wagon at his shop, witness met James H. Randall, who told witness that he was taking an execution from I. G. Davidson, constable, to John Herriford, constable, to take and sell a wagon which Davidson had levied on by virtue of an execution then in his (Randall's) possession. Witness told Randall the wagon was at his shop. John Herriford soon after took the wagon from witness' shop and sold it; witness was present at the sale; Herriford sold it as constable.

*John Paine*, witness for plaintiff, testified that he had seen the wagon in plaintiff's possession for some time, and had borrowed it from him. He had borrowed it from plaintiff in February, 1859.

*Lyman Moon*, witness for plaintiff, testified that he knew the wagon in question, and had seen plaintiff using it shortly before the sale by Herriford. James Randall came to witness shortly before the sale by Herriford, and asked witness to attend the sale and bid in the wagon. Witness did attend the sale and bid on the wagon, but did not purchase it. The sale was made in March, 1859.

The plaintiff then rested.

The defendants then offered and read in evidence, under objec-

tion and exception by plaintiff, an execution issued August, 1858, by Henry S. Bryant, justice of the peace, in favor of James Woods and others, against William Messplay, upon which were the following indorsements:

"Received August 28, 1858."

"Levied this execution on one yellow two-horse wagon, as turned out by plaintiff to secure debt.                                    I. G. DAVIDSON, Constable."

"August 28, 1858.

"The above property soald for thirty dollars.
                J. HERIFORD, Constable."            "fee $3.69."

The defendants then called as a witness, *Isham G. Davidson*, who testified that he was an acting constable in Fulton county, Illinois, during the whole of August, 1858, and still was so; that he (witness) made the first of said indorsements on the execution; that he made the levy; that the wagon sold by Herriford was same he levied on; that the day before he sent the execution to Herriford he had a conversation with plaintiff, Minor, in which witness told Minor he had got himself into a scrape, for he knew at the time he bought the wagon, witness had a claim against William Messplay, which was a lien on the wagon; that Minor replied he knew of the claim on the wagon when he bought it, and had agreed to pay it off, and did send in the money, but it was paid to the wrong man. Witness further stated, that about March 1st, 1859, he sent the execution to Herriford by Randall, to take and sell the wagon under the levy witness had made, and that Herriford was then an acting constable.

On cross-examination, witness testified, that when he made the levy he was in Judge Bryant's office in Lewistown, Fulton county, Illinois; that the wagon was not in sight; that the defendant in the execution lived in Lewistown, and kept the wagon there. Witness had seen the wagon almost every day; could not say that he saw it on the day of the levy or the next day; did see it often after the levy; witness did not take a delivery bond, and did not take possession of the wagon; did not tell defendant in execution, that he had any execution; never said anything to him about the levy on the wagon; kept a look out for the wagon but never exercised any control over it.

The plaintiff resuming, then called *George Messplay*, who testified that, in November, 1858, acting as an agent for his brother, William Messplay, he sold the wagon in question to Robert S. Randall for sixty dollars. Witness knew that there was a judgment against his brother, but did not know that any execution had ever been issued; witness told Robert S. Randall he wanted fourteen dollars in money to pay the judgment, and agreed to take the balance in goods.

Plaintiff then called *William Messplay,* who testified that he was the defendant in execution referred to ; formerly owned the wagon in question ; knew judgment was rendered, but did not know that any execution was issued ; that he confessed judgment, and said that he wanted to give a lien on the wagon, and get time on the debt. Witness did not know how the lien was to be created ; constable Davidson never said anything to witness about having an execution, or about taking the wagon ; witness had possession and control of the wagon till it was sold by his brother to Robert S. Randall.

This was all the evidence offered in the cause, and thereupon the court, at February term, 1860, rendered judgment for the defendants herein, and against the plaintiff, for the costs.

And the plaintiff then entered his motion for a new trial ; which the court overruled, and the plaintiff excepted.

The errors assigned are, that the court below erred in admitting improper evidence on the part of defendants ; in rendering judgment upon the issues of fact, for the defendants and against the plaintiff ; in not rendering judgment for the plaintiff, and against the defendants ; and in overruling plaintiff's motion for a new trial.

M. S. KIMBALL, for Plaintiff in Error.

GOUDY, JUDD & BOYD, for Defendants in Error.

BREESE, J. This court has never yet decided what constitutes a levy on personal property. The practice in England is for the officer to enter upon the premises where the goods are, and leave one of his assistants in charge of them ; and this is called " putting an execution in the house ; " or he makes an inventory of them, and removes them. The practice in the different States of the Union differs somewhat, but all agree that the property must be within the power and control of the officer when the levy is made, and he must take it into his possession in a reasonable time thereafter, unless a delivery bond is tendered, and in such an open, public, and unequivocal manner as to apprise everybody that the property has been taken in execution. He must so deal with the property, in order to constitute a good levy, as, without the protection of an execution, his acts would make him a trespasser. The defendant can always, under our statute, retain the property, on executing a satisfactory delivery bond.

Testing this case by this rule, there was no levy on this wagon. It was, at no time, in the possession of the officer, or under his control, and the sale of it was therefore void, and the

execution, which, in its lifetime, may have been a lien on the property, was extinguished by lapse of time. The judgment is reversed, and the cause remanded.

*Judgment reversed.*