## JOHN RICHARDSON

*v.*

## JONATHAN T. RARDIN.

1. TROVER—*right of officer levying execution to maintain.* The fact that the plaintiff in execution, after a levy has been made upon corn, and after it has been wrongfully taken and converted by the defendant, gave the officer instructions not to sell certain other corn levied upon, especially where it is shown that the corn not sold was improperly levied upon, does not deprive the officer of his right to maintain trover against the defendant, or have the effect to release the levy.

2. SAME—*neglect to sell all the corn levied on does not justify a conversion.* The neglect to sell a portion of a lot of corn levied upon under an execution, subsequent to a conversion of the remainder by a third person claiming to have bought the same, will not justify the wrongful act of the defendant's conversion, especially where the failure to sell was in consequence of a superior title in a third person.

3. Where a levy is made, by mistake, upon property not subject to the execution, it is invalid to that extent only, and its subsequent release can not affect the right of the officer to recover for the property rightfully levied upon and improperly converted by another.

4. LEVY—*acts constituting, as to crib of corn.* Where a constable, in actual view of the property, levied upon a large crib of corn, indorsing the levy on the execution, the defendant in execution being present, getting a load of corn, and where the constable notified him of the levy, and forbade his further interfering with the corn, and, at the time, nailed boards across the crib to secure the corn, and then gave notice, in the hearing of several persons near, that he had levied on the corn, and that it must not be disturbed, it was *held*, that, as his act, but for the writ, would have been a trespass, the levy was good, and sufficient publicity was given of it.

5. SAME—*good as to one having actual notice.* A party having actual notice of the levy of an execution upon a large amount of corn in the crib, and afterwards converting the same, is in no position to complain that sufficient publicity was not given of the levy.

6. SALE—*delivery necessary, as to third persons.* Under a contract to purchase corn, the purchaser's title will not become complete until an actual delivery, as against an execution in the hands of an officer levying on the same. Even if the title passes by a sale, there must be an actual delivery and possession taken to bind third parties without actual notice.

APPEAL from the Circuit Court of Ford county.

This was an action of trover, by Jonathan T. Rardin, against John Richardson, for the conversion of a lot of corn levied upon by the plaintiff, as constable, under an execution in favor of one Fredrick, and against Thomas D. Conn. A trial was had, resulting in a judgment in favor of the plaintiff for $122.79, and costs of suit.

Messrs. WOOD & LOOMIS, and Messrs. POLLOCK & SAMPLE, for the appellant.

Mr. JOHN R. KINNEAR, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of trover, for certain corn levied upon by the plaintiff, as constable, by virtue of an execution issued

by a justice of the peace on a judgment in favor of one Fredrick, and against one Conn.

There was evidence that Fredrick was present when the levy was made; that he, to some extent, directed the constable in what he did, and, among other things, directed the constable not to sell certain other corn that had been levied upon by the same execution and at the same time. This latter direction, however, was given after the corn in controversy had been taken and converted by the defendant. The question is raised upon this, whether the constable has such an interest in the property in controversy as will enable him to maintain trover for its conversion. It seems to be thought by counsel for appellant that this conduct of the plaintiff in execution released the constable from all liability over to him, and that, unless the constable is liable over, he can not maintain the action. Without conceding the premises, we can not give our assent to the conclusion. The principle applicable in such cases has been ruled against appellant, and, we think, correctly.

In *Huntley* v. *Bacon,* 15 Conn. 267, an action of trespass *de bonis asportatis* was brought by an officer for the taking away of property which he held under attachment. The defendants claimed that they had proved that the attaching creditors, or some of them, for whom the officer had attached the property in question, had agreed to save him harmless for not removing the property attached; and they urged that the interest of the plaintiff in the cause of action was thereby extinguished. But the court held otherwise, observing: "The claim is a novel one. If sanctioned, it goes to the extent of holding that an officer can in no case recover for a trespass committed upon, or even for the destruction of, property attached by him, if the circumstances of the case show that he is not liable to the attaching creditor. This doctrine can not be supported by principle, or by authority. An officer is never liable if he has followed the law, and has been guilty of no culpable negligence; and it will not do to say that, in

all cases where the officer is justified by the law, a stranger—
a wrong-doer—may invade his possession, take away or destroy
the property thus in his legal custody.   The gist of the action
of trespass is the force and injury to the lawful possession of
the plaintiff; and the wrongful act of a trespasser is not in
any way modified, extenuated or excused by reason of any
agreement which such plaintiff, if an officer, may have made
with attaching creditors."

There is no reasonable pretense, here, for saying that the
conduct of the plaintiff in execution, or of the constable, tended
even to authorize appellant's act in taking and converting the
corn in controversy, or to release the levy upon it.

The fact that other corn, also levied upon by virtue of the
same execution, was not subsequently sold, could hardly, upon
any fair principles of reasoning, be held to legalize that which
would otherwise be a clear case of trover and conversion,
when it is shown that the property not sold was improperly
levied upon, not being the property of the defendant in exe-
cution.

Another question presented for our determination is, does
the evidence show a sufficient levy on the corn in controversy?

*Minor* v. *Herriford et al.* 25 Ill. 344, and *Havely* v. *Lowry,*
30 id. 446, presented instances of levies upon personal prop-
erty easily taken control of and removed by the officers levy-
ing; and what was said in those cases has special reference to
that condition of the property.

In *Davidson* v. *Waldron et al.* 31 Ill. 120, however, the levy
was upon a quantity of lumber in bulk,—too ponderous to be
easily handled and removed,—and the rule there indicated
must be our guide here.   The court said: "Most kinds of per-
sonal property can be easily handled, and moved from place to
place, whilst others are ponderous, and their removal attended
with expense and trouble.   This may be predicated of the lum-
ber in controversy, and which might justify an officer making
a levy upon it to suffer it to remain where he found it; but
he should exercise some act over it as would make him, with-

out the protection of the writ, a trespasser.    Some public, open, unequivocal act should be done that would lead all persons to know the law claimed control over it, and that the property was no longer in the custody of the former owner, but in that of the law."

The levy here was upon a large quantity of corn in crib. There is no question but that the constable made the levy in actual view of the property, and that he made a proper indorsement upon the execution.

The evidence shows, when the levy was made, the defendant in execution was at the crib, getting a load of corn.    The execution was served upon him, and demand made that he turn out property, which he refused to do.    He was notified that the levy was made, and he must not further interfere with the corn.    When the constable indorsed the levy, he proceeded to nail boards on the crib, so as to secure the corn; and he then gave public notice, in the hearing of several persons standing near the crib, that he had levied upon the corn, and that it must not be disturbed.    After this, he personally notified appellant that he had made the levy; and when appellant subsequently took and converted the corn, it was with actual knowledge that the corn was then claimed to be levied on, and liable for the payment of the amount of the execution.

The constable, very clearly, did that which, but for the protection of his writ, would have made him a trespasser.    Not only was the nailing of the boards on the crib an act which, if unauthorized, amounted to a trespass, but it would also seem that the actual dominion which he exercised over the property, in prohibiting its use by the defendant in execution and others, might be regarded as constituting, if unauthorized, a trespass.    *Wentingham* v. *Lafoy*, 7 Cowen, 735; *Phillips* v. *Hall*, 8 Wend. 610; *Connah* v. *Hale*, 23 id. 466.

It would, undoubtedly, have been better had the constable, after making the levy and nailing up the crib, placed a notice on the crib that the corn was levied upon; yet this would

have afforded appellant no more knowledge than he had that the levy was made. It does not seem there could have been any doubt, from the facts proved, but that notice of the levy had sufficient publicity given to it. At all events, we are of opinion appellant, having actual notice of the levy when he converted the property, is in no condition to complain that sufficient publicity was not given to it.

It is contended that appellant was a purchaser of the corn, in good faith, long prior to the levy. We have given careful consideration to the evidence on this point, and think that appellant's claim is not made out, on two grounds: *First*— Although appellant's evidence is to the contrary, we think the court was authorized to conclude that the preponderance of the evidence is, that there was only a contract of sale of corn between Conn and appellant, and that appellant's title could not, therefore, become complete until an actual delivery of the corn, which had not occurred when the levy was made. *O'Keefe* v. *Kellogg*, 15 Ill. 347; *Updike* v. *Henry*, 14 id. 378; *Schneider* v. *Westerman*, 25 id. 514; *Frost* v. *Woodruff*, 54 id. 155; *Burnell* v. *Robertson*, 5 Gilm. 282. *Second*—Even if, as between Conn and appellant, title to the property passed, there was not such a delivery to, and possession taken by, appellant as would bind third parties without actual notice. See authorities last cited, *supra*, and *Lewis et al.* v. *Swift*, 54 Ill. 436, and *Lefever* v. *Mires et al.* 81 id. 456.

The reading of appellant's evidence creates an unfavorable impression of his candor and fairness, and we think the court below can not be charged with prejudice in coming to the conclusion that he was striving to aid Conn in defeating the plaintiff in execution in the collection of his judgment, by means of a title manufactured for that purpose.

It seems to be supposed that appellant is entitled to protect himself by showing that a large quantity of the corn levied upon was not sold. As we have before observed, since the neglect to sell this corn was subsequent to his conversion, and the failure to sell is proved to have been because of a superior

9—88 ILL.

title in a third person, it is impossible to hold this could have legalized his act.

The levy, having been made, by mistake, upon property not subject to the execution, to that extent was invalid, and the release of that property from it could not affect the right to recover for the property rightfully levied upon, and improperly converted by appellant.

The taking and conversion of the corn, to the amount for which the judgment below was given, is conceded.

We see no cause to disturb the judgment, and it is therefore affirmed.

*Judgment affirmed.*