E. S. CRISFIELD V. G. W. NEAL, *et al.*

1. CHATTEL MORTGAGE; *Sufficient Description.*  Where B. owns and possesses just one hundred and eighty head of Merino and Cotswold sheep in a certain county, and a chattel mortgage of the same in effect describes them as one hundred and eighty head of Merino and Cotswold sheep owned and possessed by B. in said county, *held*, that the description is sufficient.

2. CHATTEL MORTGAGE; *Execution, Void as against Mortgagee.*  Where an officer holding an execution merely indorses upon the same, words showing a levy of the execution upon personal property, and this he

does in the presence of the property and of the judgment debtor, but without the knowledge of the judgment debtor or of anyone else, and he does not inform any person that he levies or has any intention of then levying upon the property, and does not take or attempt to take the possession of the property, or to exercise any control or dominion over it, but leaves it in the possession of the judgment debtor, *held*, that as against a mortgagee of the property the levy is void.

3. CASE, *Followed; Immaterial Error.* The case of *L. L. & G. Rld. Co. v. Comm'rs of Douglas Co.,* 18 Kas. 169, 187, 188, with respect to a failure on the part of the court in a case tried by the court to make any finding other than that shown by the judgment, referred to, and followed; and *held*, that although the court erred in this respect, still that the error is not material.

### *Error from Marion District Court.*

ACTION by *Neal* and another against *Crisfield,* to recover $525 with interest. Judgment for plaintiffs at the June Term, 1884. The defendant brings the case here. The opinion states the material facts.

*J. H. Morse,* and *Buck & Feighan,* for plaintiff in error.

*Doster & Bogle,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by G. W. Neal and N. Matthews against E. S. Crisfield, to recover $525 and interest. The case was tried before the court without a jury, and the court rendered judgment in favor of the plaintiffs and against the defendant for $548.90 and costs. The defendant brings the case to this court for review.

It appears that on September 22, 1882, Henry Barrows, of Marion county, Kansas, owned 180 head of Merino and Cotswold sheep. On that day he mortgaged, or attempted to mortgage them to the plaintiffs, G. W. Neal and N. Matthews. This mortgage was executed to the plaintiffs to secure them from liability as sureties and indorsers on a certain promissory note executed by Barrows to Geo. H. Bush. On February 14, 1883, the defendant, E. S. Crisfield, as constable, levied

or attempted to levy an execution against Barrows upon the aforesaid sheep as the property of Barrows. On February 16, 1883, the plaintiffs filed their mortgage in the office of the register of deeds. On March 1, 1883, the defendant, as constable, advertised said property for sale, and on March 12, 1883, sold the same to Edward Weidlein. Afterward, and after the maturity of said promissory note, the plaintiffs paid the same, and Barrows was and is insolvent. Afterward, and on April 22, 1884, this action was commenced.

It is claimed on the part of the defendant below that the mortgage was and is void, because of an insufficient description of the mortgaged property; and further, it is claimed that the mortgaged property was never delivered to the mortgagees, which is true, and that the mortgage was not filed in the register's office until after the defendant had made a valid levy of an execution upon the property. On the other side, it is claimed that the mortgage is valid and sufficient in every respect; that no levy was in fact made prior to February 16, 1883, when the mortgage was filed in the register's office, except the supposed levy of February 14, 1883, and that such supposed levy was and is in fact invalid, and no levy at all. These are really the only questions of any importance involved in the case.

The first question to be considered is, whether the description of the mortgaged property as it is set forth in the mortgage is sufficient. We are inclined to think that it is. Barrows resided in Marion county, Kansas. He owned and had possession of just 180 head of Merino and Cotswold sheep in that county; no more and no less. They are the sheep that were mortgaged, and they were described in the mortgage as "one hundred and eighty head of Merino and Cotswold sheep." And the mortgage expressly states, among other things, the following: "The property sold is to remain in possession of said party of the first part, [Henry Barrows,] until default be made in the payment of the debt and interest aforesaid, or some part thereof; but in case of a sale or dis-

posal, or attempt to sell or dispose of the same, *or a removal or attempt to remove the same from Marion county,*" etc., the party of the second part may take possession, etc.   Now we think the language of the mortgage is sufficient to show that the property mortgaged belonged to Henry Bar-rows; that it was then in Marion county, Kansas, in the possession of Barrows; and this, we think, with the other facts of the case, and under the authorities, renders the description sufficient.   (*Shaffer v. Pickrell,* 22 Kas. 619; *Brown v. Holmes,* 13 id. 482, 492; *Corbin v. Kincaid,* 33 id. 649; *Muse v. Lehman,* 30 id. 514; *Mills v. Kansas Lumber Co.,* 26 id. 575; *Tootle v. Lyster,* 26 id. 589.)

1. Chattel mortgage; sufficient description.

The next question to be considered is, whether the levy made by the defendant as constable on February 14, 1883, is sufficient.   Upon this question the evidence is conflicting; but as the decision of the court below was in favor of the plain-tiffs and against the defendant, we must assume that the court below found the facts as the plaintiffs' evidence tended to prove them; and with this assumption, stating the facts as liberally for the defendant as they can be stated, they are substantially as follows: The defendant, as constable, with the execution in his pocket, got on his horse, rode to Barrows's farm and to his corral where the sheep were kept, and in the presence of Bar-rows and in sight of the sheep, or of a portion of them, and while still on his horse's back, took the execution from his pocket, placed it on the pommel of his saddle, and wrote on it the following words:

"February 14, 1883, levied on the goods and chattels of the within-named Henry Barrows, 180 sheep, on section 18, Peabody township, Marion county, described in the annexed schedule."

He did not state to Barrows that he levied upon the sheep, or that he intended to do so.   His language to Barrows indi-cated that he did not intend to make any levy at that time; and Barrows did not know that he levied upon the sheep, or

that he had any intention to do so. The constable did not take possession of the sheep nor assume any control over them, but rode away, leaving them in the possession of Barrows, as they had been before; and the constable did not get possession of the sheep prior to March 12, 1883. While the constable was at Barrows's place, he told Barrows that he had an execution against him, and that he had come there to levy on his property, and that he wanted his sheep. Barrows told the constable that he had nothing but those sheep, and that they were mortgaged to the plaintiffs. The constable then said that he would leave it to the attorney for the execution creditor, and that whatever he said, he, the constable, would do. The constable then rode away and left the sheep as aforesaid, and he did not attempt to get the possession of the sheep or control over them prior to March 1, 1883. We do not think that the aforesaid levy is of any validity. It requires more to constitute a valid levy than what took place in this case. In the case of *Chittenden v. Rogers*, 42 Ill. 100, 105, it is held as follows:

"It is not a sufficient levy of an execution on personal property for the officer to indorse an inventory of the property on the execution in the presence of the judgment debtor, but the officer must perform some act which not only indicates an intention to seize the property, but he must reduce it to possession, or at least bring it within his immediate control. A mere 'pen-and-ink' levy will not be sufficient. He must do some act which, if not protected by his writ, would make him a trespasser."

See also the following authorities: *Minor v. Herriford*, 25 Ill. 344; *Havely v. Lowry*, 30 id. 446; *Davidson v. Waldron*, 31 id. 120; *Beekman v. Lansing*, 3 Wend. 446; same case, 20 Am. Dec. 707, 711, and note, and cases there cited; *Westervelt v. Pinckney*, 14 Wend. 123; same case, 28 Am. Dec. 516, 518, and note, and cases there cited; Herman on Executions, §§ 161, 164, and cases there cited; Freeman on Executions, § 260, and cases there cited. Under the authorities above cited and others defining what a valid levy of an execution upon personal property is, we think, as against a mortgage of such

property, it must be held that, where the officer holding the execution merely indorses upon the same, words showing a levy of the execution upon the property; and this he does in the presence of the property and of the judgment debtor, but without the knowledge of the judgment debtor or of anyone else; and he does not inform any person that he levies or has any intention of then levying upon the property; and does not take or attempt to take the possession of the property, or to exercise any control or dominion over it, but leaves it in the possession of the judgment debtor, the levy is void. A mere pen-and-ink levy is not sufficient. This is the present case; or at least it must be so held, as the case comes to this court.

The plaintiff in error claims that there was no finding made by the court below, and therefore that the judgment rendered by the court is erroneous. Now it appears from the record that after all the evidence was introduced and the argument of counsel made, the same were "considered by the court," and it was then "by the court ordered and adjudged that plaintiffs have and recover of the defendant the sum of $548.90," etc. It does not appear that the court was asked to make any further or additional findings, or indeed any findings in the case. And it does not appear that any objection was made or exception taken to this mode of making the findings or rendering the judgment. It appears that the defendant moved for a new trial upon the following grounds:

"1. The decision and verdict are not sustained by sufficient evidence, and are contrary to law.

"2. Errors of law occurring upon the trial, and which errors were excepted to by the defendant at the time."

This motion was overruled, and then the following entry was made, to wit:

"To which overruling the defendant then and there objected and excepted, as well as to the rendition of said judgment."

It is true that no express finding was made, and in this the court below committed error; but still a finding was made as

*(margin note: 2. Chattel mortgage; execution void as against mortgagee.)*

is shown by the clearest of implications, and the judgment that was rendered in the case shows what that finding was. We think this entire question is disposed of by the case of

L. L. & G. Rld. Co. v. Comm'rs of Douglas Co.,

3. Case, followed; immaterial error. 18 Kas. 169, 187, 188. Although the court below committed error in not making a formal finding, still the error was not brought to the attention of the court below, nor was any exception taken, and under the circumstances the error is immaterial. This point is overruled.

We think this disposes of this case. It is not necessary to comment upon any of the other points presented by counsel for plaintiff in error. They are overruled.

The judgment of the court below will be affirmed.

All the Justices concurring.