## STATE v.- CASSIDY.

1. On the trial of a party charged with unlawfully and wilfully taking personal property from the custody and charge of an officer, in violation of Section 6336, Comp. Laws, proof of the rendition of a legal judgment is not required. It is sufficient to prove that the process under which the officer claims to have the property in charge is valid on its face.

2. An execution which appears upon its face to have been issued by the clerk of the circuit court of "Hamlin county, state of South Dakota," since the admission of South Dakota as a state, will not be held void, though issued in the name of the "Territory of Dakota." Such irregularity is *held* amendable, and the execution properly admitted in evidence in the trial of this case.

3. When an officer, in making a levy under an execution, upon a large quantity of grain in a granary, forces open the doors of the granary, levels off and estimates the quantity of grain, and serves notice of such levy upon the party having the charge and control of the granary and property, he thereby acquires the custody and charge of the grain, as against one who has actual notice of such levy, and who subsequently removes the same from the granary, and converts it to his own use.

4. In this state the owner of personal property levied on by an officer holding an execution issued against another party, cannot rightfully take it from the custody and charge of such officer, even though he may do so without a breach of the peace. He must assert his title to such property by legal proceedings.

(Syllabus by the court. Opinion filed April 19, 1893.)

Error to circuit court, Deuel county. Hon. J. O. ANDREWS, Judge.

Defendant was convicted of unlawfully taking personal property from the custody of an officer, and brings error. Affirmed.

*J. P. Cheever, A. R. Allen* and *Van Buskirk & Weeden,* for plaintiff in error.

An execution is not good unless it run in the name of the State of South Dakota. Art. 5, § 38, Const. S. D.; Gelbreath v. Kingkendale, 1 Ark. 50; German v. Steed, 1 W. Va. 1; Beach v. Riley, 14 W. Va. 55; Yager v. Graves, 78 Ky. 278. A levy on personal property must be regular in all respects to make it valid. 7 Am. & Eng. Enc. Law, 148; Beekman v. Lansing, 20 Am. Dec. 707; Westervelt v. Pinckney, 28 Id. 516; Hibbard v. Tower, 39 N. W. 714; Crawford v. Newell, 23 Ia. 453; Buckler v. Kendall, 24 N. W. 518. Actual possession of the property must be taken under the levy. Dixon v. White, 5 L. R. A. 659. The owner has the right to resist the officer and use so much force as is necessary to maintain possession of his property where the officer is acting under a writ against the property of another. Comm. v. Kennard, 4 Pick. 132; Shipman v. Clark, 4 Denio 446; Elder v. Morrison, 10 Wend. 128; State v. Johnson, 46 Am. Dec. 283.

*Robert Dollard, Attorney General,* and *George H. Marquis,* for defendant in error.

The mere fact that the execution did not run in the name of the state of South Dakota does not render it invalid. Brennan v. Loftus, 48 Wis. 37. The execution being merely formally defective can be remedied by amendment. 7 Am. & Eng. Enc. Law 126; Swiggart v. Harben, 4 Scane 364; Mace v. Dutton, 2 Ind. 309; Johnson v. Murray, 112 Ind. 154; Estes Pl. § 5172; Bacon v. Cropsey, 7 N. E. 195. The levy was sufficient if the property was under the control of the officer. Borker v. Binninger, 14 N. Y. 270; Baird v. Willet, 31 N. Y. 102; Lloyd v. Wykoff, 11 N. J. L. 218; Sheffield v. Key, 14 Ga. 528; Jayne v. Dillon, 28 Miss. 283; Robuck v. Thornton, 19 La. 149; Bullit v. Winston, 1 Munnf. 269; Hill v. Harris, 10 B. Mon. 120; Cald-

well v. Fifield, 4 Tab. 160. The officer could leave the property with the debtor as his agent. Troullo v. Tilford, 6 Watts, 468; Dilterback v. Jerome, 7 Cow. 365. The test as to the validity of the levy is, have the acts of the officer in asserting his title to the goods under the writ been such as would make him liable as a trespasser but for the protection afforded by the writ. Good v. Langure, 35 Ala. 668; Westervale v. Pinckney, 14 Ward 123; Beckman v. Lansing, 3 Ward 450; Leonard v. Vandenberg, 6 How. Pr. 378; Bryan v. Bridge, 6 Tex. 141; Smith v. Niles, 20 Vt. 320; Allan v. McCullo, 25 Ia. 464; Miner v. Smith, 13 Ohio St. 79. The owner of personal property has no right to resist an officer who attempts in good faith to attach it upon process against a third person. State v. Richardson, 38 N. H. 208; 75 Am. Dec. 173.

Corson, J. The plaintiff in error was indicted by the grand jury of Deuel county for unlawfully and wilfully taking 1,150 bushels of oats and 200 bushels of barley from the custody of the sheriff of Deuel county, alleged to have been levied upon and in the custody of said sheriff under and by virtue of an execution in his hands in favor of the Quebec Bank, against John Carroll and others. A trial was had resulting in a verdict against the defendant, upon which he was sentenced to pay a fine, and he now brings the case to this court for review on writ of error.

The indictment was found under Section 6336 Comp. Laws, which reads as follows: "Every person who wilfully injures or destroys, takes or attempts to take, or assists any other person in taking or attempting to take, from the custody of any officer or person, any personal property which such officer or person has in charge under any process of law, is guilty of a misdemeanor."

The questions raised by the assignment of errors for our determination may be stated as follows: (1) Was the certified transcript of the docket entry of the judgment from the clerk's

office of Hamlin county, filed and docketed in the office of the clerk of the court in Deuel county, properly admitted in evidence? (2) Was the execution in this case properly admitted in evidence? (2) Were the acts of the sheriff in making the levy such as to constitute a valid levy, as against the plaintiff in error? (4) Has a person a legal right to take peaceable possession of his own property, which is in custody of an officer under process of law issued against another party?

1. On the trial the state's attorney gave in evidence a certified transcript of the judgment docket in the case of the Quebec Bank v. John Carroll and others, from the office of the clerk of courts of Hamlin county, and filed and docketed in the office of the clerk of courts of Deuel county. This was objected to, but upon what grounds is not stated in the abstract. If it was necessary to prove the existence of a legal judgment in the case, we think the transcript of the judgment docket was clearly insufficient to establish that fact. But we are of the opinion that the proof of a valid judgment was not necessary. It was essential, however, to prove that the sheriff of Deuel county levied upon, and had in his charge and custody, the property alleged to have been taken by the plaintiff in error, under process valid upon its face. Possibly, it was not only necessary to offer in evidence the execution, but to prove also that a transcript of the judgment docket had been filed in the office of the clerk of court of Deuel county, and docketed in that county. But it is not necessary to decide that question at this time. Section 5114, Comp. Laws, provides that an execution may be issued to the sheriff of any county where the judgment is docketed; and Section 5104 provides that a judgment may be docketed in any other county upon filing with the clerk of the court of said county a transcript of the original docket. If proof of the filing of the transcript was necessary, the transcript of the judgment docket of Hamlin county was competent evidence, and was properly admitted as a link in the chain of evidence to prove that the sheriff had in his hands process valid

upon its face, as the execution was issued by the clerk of Hamlin county. In the absence of any showing in the abstract to the contrary, this court will presume that it was offered for that purpose, There was therefore no error in admitting the transcript of the judgment docket in evidence.

2. The state's attorney also introduced in evidence the execution in the case of the Quebec Bank v. John Carroll and others, "which said execution was admitted in evidence over the objection of the plaintiff in error." What the objection to its admission was does not appear in the abstract. In the brief, however, of the learned counsel for the plaintiff in error, it is insisted that the execution appears to have been issued in the name of the "Territory of Dakota," instead of the name of the "State of South Dakota," and an examination of the abstract shows such to be the fact. The venue of the execution, however, is "State of South Dakota, Hamlin County—ss." As the territory of Dakota, as such, had ceased to exist when the execution was issued,—its territory being embraced in the two states of North and South Dakota,—we think the error was clearly clerical, and amendable, and did not render the execution void. Bean v. Loftus, 4 N. W. Rep. 334, 48 Wis. 371; Hibbard v. Smith, 50 Cal. 511.

3. It is further contended by the learned counsel for the plaintiff in error that the property, at the time it is claimed it was taken by the plaintiff in error, was not in the custody of the sheriff, as the same had never been properly levied on by the sheriff, or taken into his custody. The facts pertaining to this levy are stated in the abstract as follows: The evidence introduced by the state showing that, in undertaking to levy upon said property by virtue of said execution, the said sheriff, on December 26, 1890, went to section twenty-nine, in the township of Havana, in said Deuel county, where said property was situated,—the same being grain in the granary on said place; that he entered the upper story of the granary by pulling the staple and opening the door,—the same having been fastened

by a padlock—leveled off the grain and estimated the number of bushels by computing the solid contents of the grain in cubic feet, and went out, replacing the staple, and leaving the door fastened with the lock he found there; that he entered the lower story of the granary by pulling the door far enough out from the building at the bottom to effect an entrance, leveled and measured the grain as in the upper story, went out as he entered, leaving the door fastened as he found it; that on the same day he served written notice of the levy on the plaintiff in error herein; that from the time of said pretended levy until February 20, 1891, the said sheriff did not visit the premises where said property was situated; did not remove the same, but left it in the granary where he found it, and that the said granary and premises were in the possession and control of the plaintiff in error, and that he had and maintained possession of the keyes to the locks on the doors of said granary; that the said property during said time, and at the time of the alleged taking by the plaintiff in error, was not in the actual charge or custody of any person." The learned court below instructed the jury, in substance, that the acts of the sheriff did constitute such a legal levy and custody of the property as the law required, as against the plaintiff in error, and refused to instruct the jury as requested on the part of the plaintiff in error. The question here presented is an important one, and one not free from difficulty. Such an exercise of dominion over the property by the officer, under his process, as would make him liable as a trespasser, but for the protection afforded by his writ, will ordinarily constitute a valid levy. Beekman v. Lansing, 3 Wend. 450; Green v. Burke, 23 Wend. 490; Connah v. Hale, Id. 466; Barker v. Binninger, 14 N. Y. 270; Richardson v. Rardin, 88 Ill. 124; Smith v. Niles, 20 Vt. 320; Miner v. Herriford, 25 Ill. 344; Havely v. Lowry, 30 Ill. 446. The acts that will constitute a sufficient levy on personal property depend upon the nature of the property levied upon. A levy upon small articles or parcels of goods would be governed by a somewhat differ-

ent rule from that applicable to the levy upon ponderous or
bulky articles, such as corn in the crib, grain, lumber, etc.
Minor v. Herriford, *supra;* Havely v. Lowry, *supra;* Davison v.
Waldron, 31 Ill. 120; Barker v. Binninger, 14 N. Y. 270. In the
quite recent case of Richardson v. Rardin, 88 Ill. 124, the su-
preme court of Illinois, in a well considered case, as to a levy
upon corn in the crib, says: "The evidence shows, when the
levy was made, the defendant in execution was at the crib, get-
ting a load of corn. The execution was served upon him and
the demand made that he turn out the property, which he re-
fused to do. He was notified that the levy was made, and he
must not further interfere with the corn. When the constable
indorsed the levy, he proceeded to nail boards on the crib so as
to secure the corn; and he then gave public notice in the hear-
ing of several persons standing near the crib, that he had lev-
ied upon the corn, and that it must not be disturbed. After
this he personally notified appellant that he had made the levy
and, when the appellant subsequently took and converted the
corn, it was with actual knowledge that the corn was then
claimed to be levied on, and liable for the payment of the
amount of the execution. The constable, very clearly, did that
which, but for the protection of his writ, would have made him
a trespasser. Not only was the nailing of the boards on the
crib an act which, if unauthorized, amounted to a trespass, but
it would also seem that the actual dominion which he exer-
cised over the property, in prohibiting its use by the defendant
in execution and others, might be regarded as constituting, if
unauthorized, a trespass. Wintringham v. Lafoy, 7 Cow. 735;
Phillips v. Hall, 8 Wend. 610; Connah v. Hale, 23 Wend. 466.
It would undoubtedly have been better had the constable, after
making the levy and nailing up the crib, placed a notice on the
crib that the corn was levied upon, yet this would have afforded
the appellant no more knowledge than he had that the levy
was made. It does not seem that there could have been any
doubt, from the facts proved, but that the notice of levy had

sufficient publicity given to it. At all events, we are of the opinion appellant, having actual notice of the levy when he converted the property, is in no condition to complain that sufficient publicty was not given to it.'' It will be noticed that much importance is attached to the fact that the party alleged to have taken the property had actual notice of the levy by the officer upon the property, and that ''it was claimed to be levied upon, and liable for the payment of the amount of the execution,'' and that such party was ''in no condition to complain that sufficient publicity was not given.'' It appears in the case at bar that the sheriff served written notice of the levy on the plaintiff in error on the same day the levy was made, so that he had actual notice of such levy. Without at this time deciding whether or not the levy made by the sheriff, and his custody of the property, in this case, were sufficient as against a subsequent levy by another officer, or subsequent purchasers in good faith and without actual notice of the levy, we are of the opinion that the levy was sufficient as against the plaintiff in error, who had actual notice of the same. The acts of the sheriff were such, we think, as would have rendered him liable as a trespasser if not protected by his writ. He entered the granary by removing the staple from the door, and handled some of the wheat by leveling it off, and making an estimate of the number of bushels. He also forced open the door to the lower story, and leveled off the barley, and made an estimate of the number of bushels of the same. Taking into consideration the fact there were nearly 1,500 bushels of grain levied upon, it would seem that this was all that was required of the sheriff, in making the levy, in the first instance. The property was present, and in view of the officer, and some of it was moved, in the bins, by him. It was therefore in the possession of the sheriff, under his control, and in his custody, as against all persons having actual notice of the levy. Whether the subsequent acts of the sheriff were such as to enable him to hold the

property as against one who had no actual knowledge of the
levy, it is not necessary now to decide.    We are of the opinion,
therefore, that the court instructed the jury correctly upon this
question, and that he committed no error in refusing to give the
instruction requested by the plaintiff in error.

4.    It is also contended by counsel for the plaintiff in error
that the grain levied on by the sheriff was shown to be the prop-
erty of one E. R. C. Clarkson, assignee of the defendant in the
execution, and that the plaintiff in error, as the managing agent
of said Clarkson, had the right to retake the property, as he
did do, without committing a breach of the peace, and that he
was not required to take legal proceedings to assert the right
of his principal to the property.    The court below instructed
the jury upon this question that, though they might find that
Clarkson owned the grain, the plaintiff in error would not be
justified in taking it from the sheriff as the agent of Clarkson.
The court also refused an instruction on the part of the plain-
tiff in error asserting the opposite doctrine.    In New York,
and perhaps some other states, the doctrine contended for by
the counsel for the plaintiff in error has been held.    Hyatt v.
Wood, 3 Johns, 239; Spencer v. McGowan, 13 Wend. 256; Ship-
man v. Clark, 4 Denio, 446.    But in New Hampshire (State v.
Richardson, 38 N. H. 208) the supreme court of that state has
laid down a contrary rule.    But, whatever the rule may have
been at common law, we think the legislature of this state has,
by the adoption of the section under which the plaintiff in error
was indicted, settled the law for this state adversely to the doc-
trine contended for.    It will be noticed that that section makes
no exceptions, but makes the taking of property from the cus-
tody of the officer, whether peaceably or otherwise, a misde-
meanor.    It was evidently the intention of the legislature to re-
quire all parties who might claim title to personal property
levied on by the sheriff or other proper officer to assert such
title by legal proceedings in the courts.    Ample provision is
made by law for the protection of the rights of third parties,

where property may be wrongfully levied upon, or seized by an officer under process. A party not only has the right to proceed by an action in the nature of the old common-law action of trespass, trover, or replevin, but he may claim the property levied on, and have the right to the same tried in a summary manner by a sheriff's jury. Section 5125, Comp. Laws. Finding no error in the record, the judgment of the circuit court is affirmed. All the judges concurring.