AUBY v. RATHBUN, Sheriff, et al.

1. Where an officer merely states to the debtor that he comes to levy on his property, at the same time giving the debtor a written notice, and stating that the sheriff will probably never come for the property, and the officer assumes no control over the property, either by himself or another, the levy is insufficient.

2. A statement made by a deputy sheriff, while making a levy, that the sheriff will probably never come for the property, is part of the res gestæ, binding on the sheriff.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Day county. Hon. A. W. CAMPBELL, Judge.

Action by Louis Auby against James G. Rathbun, sheriff, and another. From a judgment for plaintiff, the sheriff appeals. Affirmed.

The facts are stated in the opinion.

*H. H. Potter* and *J. H. McCoy,* for appellant.

To make a valid levy, it is not necessary that the sheriff take manual possession. Barker v. Binninger, 14 N. Y. 270; State v. Cassidy, 4 S. D. 58, 54 N. W. 928; Ray v. Harcourt, 19 Wend. 495; VanWyck v. Pine, 2 Hill, 666; Roth v. Wells, 29

N. Y. 471; Knapp v. Smith, 27 *Id.* 277; Gilkey v. Dickinson, 3 Hawks (N. C.) 293; McCullough v. McClintock, 88 Ala. 597; Logsdon v. Spivey, 54 Ill. 194.

*S. A. Keenan,* for respondent.

There are only two methods known to the law by which an execution may be levied upon personal property.     One is, by taking actual possession by manual delivery.   Powell v. Kechnie, 3 Dak. 319, 19 N. W. 410; McLaughlin v. Alexander, 2 S. D. 226, 49 N. W. 101.

The other is, by performing such acts in making the levy upon the intangible personal property, or property incapable of manual delivery, as may be required by statute in order to make a constructive levy.   McLaughlin v. Alexander, *supra.* See also Beekman v. Lansing, 3 Wend. 446. Quackenbush v. Henry, 3 N. W. 262; Westervelt v. Pinckney, 14 Wend. 123; Crisfield v. Neal, 13 Pac. 272; Rix v. Silknitter, 10 N. W. 653.

CORSON, P. J.   This was an action against the sheriff of Day county for the value of certain personal property alleged to have been taken and sold by the sheriff, and which the plaintiff claimed was exempt from sale under execution, and of which claim of exemptions the plaintiff had given said sheriff due notice.   The principal question involved in this case is as to whether or not the plaintiff made demand of his exemptions within the time prescribed by the statute.   Certain proceedings were taken by the sheriff on January 29, 1896, through his deputy, and also on the 10th day of February following, through another deputy, in regard to which the court finds as follows: ("3) That on January 29, 1896, a deputy of the defendant sheriff went to the plaintiff's farm, and stated that he came to

levy on his sheep, and at same time gave plaintiff a written notice of the said alleged levy, stating to plaintiff, at same time, and in response to a question, that 'he [ the sheriff] would probably never come after the sheep'; that said deputy assumed no control or authority whatever over said sheep, and did not request plaintiff, or any other person, to keep them for him, but left them just as they were, in the absolute and complete possession of plaintiff. (4) That on the 10th day of February, 1896, another deputy of the defendant sheriff went to plaintiff's farm and took possession of the said sheep, and drove them away to·the city of Webster, in said county, where they were afterwards sold. (5) That on the 13th day of February, 1896, plaintiff duly and personally served upon defendant sheriff, and in due form of law, his written demand for his exemptions, to which demand was annexed and served a schedule of all of plaintiff's property, duly sworn to, including the said sheep, * * * (7) That defendant sheriff wholly disregarded plaintiff's demand for his exemptions, and retained possession of said sheep until he subsequently sold them at sheriff's sale under the said execution." From which the court concludes as matter of law: "(1) That the acts of the deputy sheriff on January 29,·1896. in relation to said execution and property, did not constitute a valid levy. (2) That plaintiff's (Auby's) demand for his exemptions and schedule of personal property were in due form, and were served upon the said defendant sheriff in due time. (3) That defendant sheriff should have set out, as provided by law, and in response to plaintiff's demand therefor, his lawful exemptions. (4) That the sheep in controversy were part of the property plaintiff was entitled to claim and have set out to him as exempt from levy and seizure."

It is contended on the part of the sheriff that the acts of his deputy on January 29th constituted a valid levy, and hence the court erred in its conclusion of law that said levy was insufficient, and that plaintiff was in time in making his demand for exemptions on February 13th. In our opinion, the court was clearly right in holding that the acts of the deputy on January 29th did not constitute a levy, and that there was no valid levy until February 10th, when another deputy completed the levy by taking possession of the sheep and driving them away from plaintiff's premises. It will be noticed by the third finding, and this seems to be substantially in accord with the evidence given, that the defendant took no possession of the sheep on the 29th, and did no act indicating that he intended to take possession of them then, or at any future time, and exercised no dominion over them. In speaking upon this subject the supreme court of Illinois in Chittenden v. Rogers, 42 Ill. 100, uses the following language: "It is not a sufficient levy of an execution on personal property for the officer to indorse an inventory of the property on the execution in the presence of the judgment debtor, but the officer must perform some act which not only indicates an intention to seize the property, but he must reduce it to possession, or, at least, bring it within his immediate control. A mere 'pen and ink' levy will not be sufficient. He must do some act which, if not protected by his writ, would make him a trespasser." In Beekman v. Lansing, 3 Wend. 446, regarded as a leading case, the supreme court of New York says: "What shall constitute a levy is not very distinctly defined in the reports of cases in this court. In England the officer enters upon the premises in which the defendant's goods are, and leaves one of his assistants in possession of

them, or he causes an inventory to be taken and removes them. 1 Archb. Prac. p. 293; 1 Maule & S. 711; 5 Taunt. 198. We are not disposed to go this length, but are of opinion that the officer should enter upon the premises, where the goods of the defendant are, and take actual possession of them (if they are such of which possession can be taken). The goods should be brought within his view, and subjected to his control (Haggerty v. Wilber, 16 Johns. 288); and it is proper also, if not necessary, that an inventory should be taken of them. The officer should assert his title to the goods by virtue of the execution; and we are inclined to think that his acts, as the asserting of his rights and the divesting of the possession of the defendant, should be of such a character as would subject him to an action as a trespasser but for the protection of the execution. They should be public, open, and unequivocal, and nothing should be done by him to cast concealment over the transaction. But it is not necessary that an assistant of the officer should be left in possession of the goods, or that the goods should be removed. They may be left in the custody of the defendant, at the risk of the plaintiff or of the sheriff, or, on obtaining, as is customary, a receiptor for their delivery on demand." In Westervelt v. Pinckney, 14 Wend. 123, the same court says: "The only circumstance from which a levy could possibly be presumed in this case is that the furniture, perhaps, was, during the life of the execution, within view of the officer and subject to his control. But that, of itself, is not sufficient, unless the officer at the same time asserts his title to the goods by virtue of the execution. This is enough to constitute him a trespasser, but for the protection of the execution. The mere view of the goods, without any assertion of the right to interfere or

meddle with them, would subject him to no responsibility. There is no hardship in compelling an officer to manifest his intention to make a levy by acts or declarations of a clear and unequivocal character. It is calculated to prevent fraud, and to protect the rights of all parties. His acts should also be so open and notorious that they can be proved if necessary. The practice of conducting these proceedings with secrecy, and studiously concealing all the steps taken previous to the final sale, does not deserve encouragement, It leads to litigation in relation to the title to property, and is undoubtedly frequently used for fraudulent and dishonest purposes." See, also, Havely v. Lowry, 30 Ill. 446; Crisfield v. Neal, 36 Kan. 278, 13 Pac, 272; Davidson v. Waldron, 31 Ill. 120; Quackenbush v. Henry, 42 Mich. 79, 3 N. W. 262; Freem. Ex'ns, § 260, and cases cited; 7 Am. & Eng. Enc. Law, pp. 148, 149, and cases cited.

Tested by the rules laid down in these decisions, it will be seen that the acts of the officer in this case were not such as to bring the property into his possession or under his dominion, and that his acts did not make him a trespasser if not protected by his writ. Serving notice of levy upon the defendant in that action did not itself constitute a levy, as such notice could only have been properly given after a valid levy had been made. Comp. Laws, § 5135.

The appellant insists that the levy was sufficient under the decision in this court in the case of State v. Cassidy, 4 S. D. 58, 54 N. W. 928. But there is a marked distinction between that case and the one at bar. In that case the sheriff entered the granary of the execution defendant, leveled off the grain in the bins, and made an estimate of the quantity; thus exercising dominion over the property for which he would have been liable as a trespasser, had he not been protected by his writ.

Appellent excepted to the third finding on the ground that the statement of the officer should not have been admitted in evidence, and included in the finding, "that the sheriff would probably never come after the sheep," on the ground that the same was not made by the officer in the line of his duty. But, in our opinion, the statement and acts of the officer while proceeding to make the levy, in reference thereto, constituted a part of the *res gestœ*, and were binding upon his principal. The judgment of the circuit court is affirmed.