M. M. Scott, *Constable of the City of Winfield, Cowley County*, v. Frank Harden.

No. 773.   ( 62 Pac. 707.)

Pleading — *Replevin — Chattel Mortgage — Description of Property.* Where the petition in a replevin action brought by the mortgagee of chattels alleged that the mortgagors resided in Cowley county, Kansas, that the mortgaged property was kept in that county, and that the mortgage was duly filed with the register of deeds of that county, and the mortgage, which was made a part of the petition, contained a statement that the same was all of the property of that kind owned by the mortgagors, and a provision that the mortgagee might take possession thereof upon an attempt by the mortgagors to remove the same from Cowley county, *held*, that the petition stated a cause of action and that the description of the mortgaged property was sufficient. (*Crisfield v. Neal*, 36 Kan. 278, 13 Pac. 272.)

Error from Cowley district court; J. A. BURNETTE, judge.   Opinion filed November 16, 1900.   Affirmed.

*J. E. Torrance*, for plaintiff in error.
*Madden & Buckman*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was instituted by Frank Harden against M. M. Scott, as constable of the city of Winfield, in Cowley county, to recover the possession of certain cattle in which the plaintiff claimed a special ownership under a chattel mortgage made by Joseph Langlois and his wife, and which property the constable held and was about to advertise and sell, "by virtue of some writ which he claims to hold against the said Joseph Langlois." From the copy of the mortgage annexed to the petition, it appears that forty-two head of cattle, several head of horses and some other property were mortgaged to secure the payment of a promissory note of $600. Thirteen head of cattle were seized by the sheriff under the writ of replevin in the present action and were returned by him to the constable, upon the execution and delivery of a proper redelivery bond. The mortgage appears to have been filed for record on the day of its execution, but the certificate of the register of deeds does not state in what county it was filed. The petition, however, alleges that it was filed in the office of the register of deeds of Cowley county, Kansas, "that being the county in which the said mortgagors resided, and also where the property therein described was kept." The defendant answered by a general denial. The case was tried to a jury, which returned a verdict in favor of the plaintiff, and judgment was

rendered accordingly. At the trial, the defendant's objection to the introduction of testimony under the petition, for the reason that the same with its exhibit, the chattel mortgage, did not state a cause of action in favor of the plaintiff, was overruled. The particular ground of the objection was that the location of the property could not be determined from the mortgage itself. This is the only question upon the merits of the case which can be considered by this court, as the record does not contain the testimony.

The mortgage contained a sufficient description of the mortgaged property itself, and stated that the cattle described therein were all of the cattle owned by the mortgagors. It provided that the property described therein should remain in the possession of the parties of the first part until default in payment of the debt, and that "in case of sale or disposal, or attempt to sell or dispose of the same, or a removal of or an attempt to remove the same from Cowley county, . . . the said party of the second part may take the said property, or any part thereof, into his own possession." The mortgage was in fact duly filed for record in Cowley county, Kansas, on December 21, 1895, and on January 3 thereafter the property in controversy was taken by the plaintiff in error "by virtue of some writ," and a few days later was seized by the sheriff of that county under the writ of replevin. The objection to the introduction of testimony, like a demurrer, admits the allegation of the petition that the mortgagors resided in Cowley county and that the property was kept there. The foregoing facts bring the case within the decision of *Crisfield v. Neal*, 36 Kan. 278, 13 Pac. 272, where it was held that the mortgage in fact described the property as being in Marion county. It was not

Bank v. Skinner.

error to overrule the objection to the introduction of evidence under the petition.

In the absence of the evidence presented to the jury, the complaint that the court erred in calling in the jury after they had been deliberating for some hours and "lecturing" them in somewhat strong language concerning the importance of their agreeing on a verdict cannot be considered.

The judgment of the trial court is affirmed.