LEE, Appellant, v. DINSMORE, Respondent.

(162 N. W. 749.)

(File No. 4049.   Opinion filed May 16, 1917.)

**Execution—Levy and Sale of Partnership Personalty—Actual Possession, Necessity of.**

A levy and sale of partnership personalty to satisfy a personal judgment against a member of the partnership is void, where sheriff did not take actual possession or dominion over the property, and did not deliver the property or any part thereof to purchaser at execution sale.

Appeal from Circuit Court, Brown County.   Hon. THOMAS L. BOUCK, Judge.

Action by K. O. Lee, against W. E. Dinsmore.   From a judgment for defendant, plaintiff appeals.   Affirmed.

*Max. Stokes,* and *Fred Huntington,* for Appellant.

*Campbell & Walton,* for Respondent.

SMITH, J.   The facts decisive of this appeal may be stated as follows:   The defendant Dinsmore and one Phillips were equal partners engaged in the operation of a threshing outfit, which they had mortgaged to the plaintiff Lee for the sum of $1,264.   Phillips left the state, leaving all of the partnership property in the

possession of Dinsmore. Thereafter, to protect him own interest, Dinsmore, out of his own funds, paid Lee, the mortgagor, the full amount of the mortgage and has never been reimbursed. The plaintiff Lee obtained a personal judgment against Phillips, upon different indebtedness, and caused execution to be issued thereon, and a levy was attempted to be made on Phillips' interest in the partnership property, pursuant to the alleged levy and an execution sale of Phillips' interest, plaintiff now seeks the aid of equity, through the appointment of a receiver, authorized to make sale of the entire partnership property, and an equal division of the proceeds.

At the trial, plaintiff offered in evidence the execution and sheriff's return of levy and sale. The return of levy is as follows:

"Inventory of personal property this day levied upon and taken into my custody by virtue of the annexed execution, to wit, undivided one-half interest of Walter Phillips in and to * * * (describing the partnership property)."

The return also showed a sale of the property to the plaintiff Lee at the execution sale after proper and sufficient notice, and a partial satisfaction of the execution.

The trial court found that:

"In making such attempted levy and sale, the sheriff of Brown county, S. D., at no time took into his possession the said property or any part thereof, and did not deliver the said property or any part thereof to the purchaser at said sale."

Plaintiff's demand for a receivership, and sale and division of the proceeds, is founded upon his alleged interest in the partnership property acquired at the execution sale. The facts are undisputed. Judgment for defendant, from which plaintiff appeals.

It is respondent's contention that the attempted levy and sale were void. We think respondent's view is in accordance with the great weight of authority. We have no statute in this state prescribing the mode of levying upon partnership property. In a few states, such as Georgia and Iowa, the mode of levy is regulated by statute; in a few others, such as New Hampshire, Pennsylvania and Massachusetts, it is held that the character of a partnership interest precludes the taking of exclusive possession of partnership property under a levy against an individual part-

ner. But, except in a few such states, the authorities are practically unanimous in holding that a levy may be made by taking exclusive possession of the personal property of the firm.

In this state, the officer, to make a valid levy, must take actual possession or dominion over personal property levied upon. State v. Cassidy, 4 S. D. 58, 54 N. W. 928; Jones Lumber & M. Co. v. Faris, 6 S. D. 112, 60 N. W. 403, 55 Am. St. Rep. 814; Auby v. Rathbun, 11 S. D. 474, 78 N. W. 952; Russel v. Cole, 57 Am. St. Rep. 439, note; Freeman on Executions (3d Ed.) § 125. The levy and sale being void, appellant acquired no interest in the partnership property in any event, which would entitle him to maintain this action.

The order and judgment of the trial court are affirmed,

McCOY, J., taking no part in this decision.