ALBANY,
January, 1830.

Beekman
v.
Lansing.

BEEKMAN *vs.* J. LANSING.

To constitute a *levy* under an execution, the officer should enter upon the premises where the goods of the defendant are, and take actual possession of them. The goods should be brought within his view, and subjected to his control; and *it seems* that an inventory should be taken of them. He should assert his title to them by virtue of the execution, and his acts should be public, open and unequivocal, and nothing should be done by him to cast concealment over the transaction. *It seems,* that the acts of the sheriff, as to the asserting of his rights and the divesting of the possession of the defendant, should be of such a character as would subject him to an action as a trespasser, but for the protection of the execution.

Where a sheriff received an execution, and went with it in his pocket to the house of the defendant, but took no inventory and did no act to enforce the execution for eleven months afterwards, not even apprising the defendant of the fact, *it was held* that no such levy had been made as would debar the *landlord* of the house occupied by the defendant from claiming the rent due to him, although it accrued *subsequent* to the pretended levy.

Notice to the sheriff of rent due to the landlord is not necessary *previous to the removal* of the goods from the demised premises; if given even *after a sale,* so that it be before the money is paid over to the plaintiff in the execution, it is good.

CLAIM of landlord for rent to be paid out of the proceeds of an execution. On the 1st November, 1828, a *fieri facias* was issued in the above cause, and delivered to the then sheriff of Albany for the sum of $613,14, returnable on the 16th February then next. In the month of December, 1828, the sheriff went to the dwelling house of the defendant in the city of Albany, and there, as he states, made an actual and bona fide levy upon the *household furniture* and other property of the defendant, by virtue of the execution. What acts he did, however, as constituting a levy, he does not shew. Soon after, the property was advertised for sale, which was postponed from time to time for want of bidders. On the 23d October, 1829, the execution was returned unsatisfied for such want of bidders. On the *fourteenth* of November following, the household furniture of the defendant was sold by virtue of a writ of *venditioni exponas* issued in this cause. It brought the sum of $590. At the same time other personal property of the defendant, found in another tenement and not in his dwelling house, was sold, and brought about $600. From the proceeds of the sale, the execution in this cause was satisfied, and the amount paid over to the plaintiff on the *twenty-sixth* day of November. The residue of the proceeds was applied to the payment of one other execution, and towards satisfaction of a third, delivered to the sheriff of Albany subsequent to the execution in this cause.

The dwelling house occupied by the defendant was rented to him by an agent of the owners, who reside in New-York and Troy, for one year from the first day of May, 1828, at a

rent of $500; which letting was renewed for another year, from the first of May, 1829, at a rent of $450, payable quarterly on the first days of August, November, February and May then next ensuing. The agent of the owners was not apprised that the property of the defendant was levied upon by virtue of executions, until after the 1st November, 1829. On the *tenth* of November, notice was given to the sheriff by the attorney of the landlords, that the sum of $406,04 was due for rent accrued within the year then last preceding, and requiring it to be paid before the goods were removed and sold; and *after* the sale and *before* the payment of the proceeds to the plaintiffs in the executions, he gave the sheriff a memorandum in writing of the items and amount of rent claimed, viz. $68,54, due the 1st of February last; $112,50, due the 1st of May last; $112,50, due the 1st of August last; and $112,50, due the 1st of November last. The attorney of the landlords, in the affidavit upon which this motion was made, (a copy of which was served on the plaintiff in this cause and on the sheriff,) stated that he was *informed* by the defendant, which · information he believed to be true, that the sheriff never took an inventory of the goods in the dwelling house, and had no inventory of them until furnished by the defendant on or about the tenth day of November last; that the sheriff, with the knowledge of the defendant, had not been at his house to make a levy until November last; and that an *actual levy* had never been made on the goods in the dwelling house.

In answer to the facts presented in behalf of the landlords, the sheriff admitted that three or four days previous to the sale of the property, the attorney of the landlords apprised him of a claim upon the property for rent, but stated no particulars; and that on the *sixteenth* day of November, *after the removal* and sale of the property, the attorney gave him a notice in writing, specifying the claim and the amount of rent demanded. To the facts stated, as derived from the information of the defendant, the sheriff makes no answer. On the part of the plaintiff, it was shewn that a return of the execution issued in this cause was enforced by attachment, and that shortly after its return, a *venditioni exponas* was issued, on which the property was sold. The amount of rent due was not denied or controverted.

On this state of facts, a rule was asked that the sheriff pay over to the landlords the sum demanded as rent.

*S. Cheever*, for landlords, admitted that the landlords can claim only such rent as was due at the time of the *taking* of the goods, but contended that the goods in question were not taken until *after* the rent claimed had become due ; for although the execution in this cause was delivered to the sheriff on the 1st November, 1828, the goods in the demised premises were not *taken*, and were not in the custody of the law, until after the 1st November, 1829.   In *Haggerty* v. *Wilber*, (16 Johns. R. 288,) the court intimate that to constitute a levy, an inventory should be taken of the goods where there is not an actual seizure of them, and that the sheriff should have them under his view and within his power.   The court have a right to presume in this case that no inventory was taken at the time of the levy, and that even the defendant himself was ignorant of the pretended levy until after the 1st November, 1829.   The goods, therefore, should not be considered as *taken*, within the meaning of the statute concerning distresses for rent, until they were removed to be sold on the fourteenth day of November, which was subsequent to the notice.

Notice of rent being due was given both before and after the sale of the property taken from the demised premises.

*J. Sanders, jun.* for plaintiff.   The plaintiff should not have been made a party to this motion, and is entitled to costs for being brought into court.   The property of the defendant sold for an amount more than sufficient to satisfy both the execution and the rent.   If the proceeds of the property sold, not taken from the demised premises, be applied to the execution in this cause, sufficient is left in the hands of the sheriff to satisfy the rent.

*W. Esleeck*, for sheriff.   It appears from the affidavit of the sheriff that he made an actual and bona fide levy on the property of the defendant previous to the return of the execution, and previous to the accruing of any rent claimed. The landlord cannot claim rent accruing after the levy.   (18 Johns. R. 1.)

The notice of rent being due, given previous to the sale, was insufficient. The sheriff was apprised three or four days before the sale that there was a claim for rent; but to whom owing, when accrued, and the amount due, was not stated. The landlord must give notice of these particulars to the sheriff, or he is not bound to regard the claim. (11 Johns. R. 85.) The notice subsequent to the removal and sale of the goods was too late. The statute on this subject, (1 R. L. 437, § 12,) requiring the rent to be paid previous to the removal of the goods from the demised premises, contemplates notice to be given previous to such removal.

*By the Court,* Marcy, J. By the act concerning distresses, rents, &c. it is enacted that no goods or chattels upon any demised premises shall be liable to be taken by virtue of an execution, unless the party at whose suit the execution is issued shall, *before the removal* of such goods, pay the rent due, not exceeding a year's rent. This section of our statute is a transcript of 8 Ann, ch. 14, § 1. under which it was formerly holden in England, that to entitle a landlord to his motion against the sheriff, he must have made a demand, and given notice to the sheriff of the rent due before the goods were *removed,* (1 Strange, 97, 214;) and some cases in our court seem to sanction this construction of the statute. The cases in Strange have however been overruled. The doctrine of them was first questioned in *Smith* v. *Russell,* (3 Taunton, 400,) and subsequently in *Arnett* v. *Garnett,* (3 Barn & Ald. 440.) It was held that notice to the sheriff, even after the removal of the goods, provided it was given before the sheriff had actually paid over the money, was sufficient to found a motion to the court. Notice to the sheriff of the rent due previous to the removal of the goods is not necessary. The statute, in terms, does not require it; and to give a construction to it requiring such notice previous to a removal would, in most cases, defeat the very object and intent of the statute. Notice, even after a sale, provided it be before the money is paid over to the plaintiff in the execution, is good. That such notice was given in the present case is conceded.

Vol. III. 57

ALBANY,
January, 1830.

Beekman
v.
Lansing.

The landlord, however, where the goods of his tenant are taken in execution, can claim of the sheriff only the rent due at the time of the taking of the goods; he cannot demand rent which accrues after the levy of the execution, and while the goods remain on the premises in the possession of the sheriff. (*Trappan* v. *Morie*, 18 Johns. R. 1.) The execution in this case was issued in November, 1828, and the sheriff, according to his affidavit, made an actual and bona fide levy on the goods upon the demised premises in the succeeding month, at which time no rent was due. The goods were not removed from the premises until the 14th November, 1829, at which time upwards of $400 rent had accrued. It becomes important then to determine what constitutes in law a *levy* under an execution, and whether such a levy was made in the present instance.

What shall constitute a levy is not very distinctly defined in the reports of cases in this court. Iu *England*, the officer enters upon the premises in which the defendant's goods are, and leaves one of his assistants in possession of them, or he causes an inventory to be taken and removes them. (1 Archb. Pr. 293. 1 Maule & Selw. 711. 5 Taunton, 198.) We are not disposed to go this length, but are of opinion that the officer should enter upon the premises where the goods of the defendant are, and take actual possession of them, (if they are such of which possession can be taken.) The goods should be brought within his view, and subjected to his control, (*Haggerty* v. *Wilder*, 16 Johns. R. 288;) and it is proper also, if not necessary, that an inventory should be taken of them; the officer should assert his title to the goods by virtue of the execution; and we are inclined to think that his acts, as to the asserting of his rights and the divesting of the possession of the defendant, should be of such a character as would subject him to an action as a trespasser but for the protection of the execution; they should be public, open and unequivocal, and nothing should be done by him to cast concealment over the transaction. But it is not necessary that an assistant of the officer should be left in possession of the goods, or that the goods should be removed; they may be left in the custody of the defendant, at the risk

of the plaintiff or of the sheriff, or on obtaining, as is customary, a receiptor for their delivery on demand.

Tested by these rules, was there a levy in this case in the month of December, 1828 ? The sheriff says that he then made an *actual and bona fide levy*, but he omits to state the acts he did constituting such levy. This he was called on to do in this case by the affidavit on which this motion is founded, with a copy of which he had been served ; in which it is stated, on the information of the defendant, (in the truth of which information the attorney of the landlords expresses his belief,) that the sheriff had not been at the house of the defendant, to the knowledge of the defendant, to make a levy, until the month of November, 1829, when, and not before, an inventory of the goods was made. To this charge an answer should have been made, and the acts detailed which induced the sheriff to say that he had made an actual and bona fide levy, so that the court might have judged whether or not they amounted to such levy. Not having done so, the fair intendment is, that the allegations could not be denied ; and if so, the sheriff erred in supposing that merely going to the house of the defendant with an execution in his pocket, without even apprising the defendant that he had come to make a levy upon his goods, was an actual and bona fide levy, defeating the rights of the landlord.

A *secret* levy on goods left on the premises in the possession of the defendant in the execution, and no act done to give notoriety to it, or to bring it to the knowledge of the landlords of the premises, of whom the defendant is a tenant for nearly a year afterwards, cannot have the effect to debar the claim of the landlords for rent. It would be unjust it should be so, and particularly in the present case, where the demised premises were re-let to the defendant, and the whole of the rent claimed accrued subsequent to the time of the pretended levy. If effect were given to the levy, the landlords would be entirely deprived of the *lien* which they had a right to calculate on as their security for the rent. This cannot be ; the proceeding has operated as a fraud upon the landlords, and cannot be sustained. The motion of the landlords is therefore granted.

Mr. Justice SUTHERLAND, gave no opinion in this case.