By the Court,

Nelson, Ch. J.
Under the statute of 8th Anne, ch. 14, § 1, from which 1 R. L. of 1813, p. 437 *381 § 12, was taken, it was held, that the landlord could only claim rent due at the time of the levy. (Hoskins v. Knight, 1 M. & S. 245 ; Comyn on Land. & Ten. 394; Trappan v. Morie, 18 Johns. R. 1; Beekman v. Lansing, 3 Wend. 450; Van Rensselaer v. Quackenboss, 17 id. 38.) Though the language of the revised statutes (1 R. S. 737, § 12, 2d ed.) varies somewhat from the old law,(a) there is no reason for believing that the legislature intended to change the settled rule on this subject(b)—a rule which was reasonable and just as respects both the landlord and judgment creditor—nor do I think a fair interpretation of the statute will lead to such a result. I am of opinion, that according to the legal import of the statute now in force, the rent claimed must be due at the time of the levy. The motion should therefore be denied with costs.
Motion denied.

а) By the act of 1813, the landlord’s claim was expressly restricted to rent due “ at the time of the taking” of the goods under the execution. (See 1 R. L. of 1813, p. 437, § 12. The revised statutes declare that “ if an execution be levied,” &c., the landlord to whom any rent “ may be due, may, at any time before a sale of such goods by virtue of such execution, give notice,” &c. (See 1 R. S. 737, § 12, 2d ed.)

 That a mere change of phraseology in the revision of a statute will not work an alteration in the law as previously declared, unless it clearly appear that such was the intention .of the legislature, see Taylor v. Delancy, (2 Cai. Cas. Er. 143, 151 ;) Yates case, (4 John. R. 317, 359;) and Matter of Brown, (21 Wendell, 316, 319.)