In the Matter of the General Assignment of ARNOLD KOGAN for the Benefit of Creditors.

Supreme Court, Kings County, July 21, 1931.

*Louis J. Weinshenker*, for the motion.

*Nathan S. Farbman*, opposed.

McCRATE, J. *Matter of Kogan (Weitz)*, motion granted. "Actual custody" of personal property has been held in cases dealing with the rights of third persons, where a levy has been made, not to require the actual removal of the property. The language of section 917 of the Civil Practice Act, subdivision 2, literally construed, would require an actual removal. But when sections 681 and 682 of the Civil Practice Act are considered, it will be observed that a warrant of attachment has for some purposes the character

of a levy. The warrant of attachment in section 682 of the Civil Practice Act is spoken of as capable of being " levied." I think, therefore, that the referee was justified in following the cases such as *Beekman* v. *Lansing* (3 Wend. 446), and *Butler* v. *Maynard* (11 id. 548).

CHARLES SOLOMON, Referee. The facts involved in this proceeding are not in dispute. The parties have submitted the matter upon a stipulated statement of facts from which it appears:

" That on April 9th, 1931, one Arnold Kogan was doing business as a retail grocer at 5121 10th Avenue, in the Borough of Brooklyn, City and State of New York.

" On that day, the American Grocery Company, a creditor of the said Arnold Kogan to the extent of $450, obtained a warrant of attachment, signed by Mr. Justice Edward Cassin in the Municipal Court of the City of New York, Borough of Brooklyn, First District, and which was delivered to Albert Levine, a Marshal of the City of New York.

" That on the said 9th day of April, 1931, the said Albert Levine, City Marshal, went to the place of business of the said Arnold Kogan, saw the said Arnold Kogan and told him that he had with him the aforesaid warrant of attachment.

" The Marshal, upon entering the store, made an inventory of the goods therein affected by the aforesaid warrant of attachment.

" After completing the inventory, the said Marshal served upon Arnold Kogan a certified copy of the warrant of attachment, the affidavits and undertaking upon which it was based, and a copy of the inventory written upon the back of a copy of the warrant of attachment.

" The return of the said Marshal was duly filed in the office of the Clerk of the Municipal Court of the City of New York, Borough of Brooklyn, First District, together with a copy of the inventory made by the said Marshal as aforesaid. Thereupon the aforesaid Marshal left the premises.

" On the 13th day of April, 1931, an assignment was made by Arnold Kogan to Isaac Weitz, as assignee, of all his property for the benefit of creditors, and on the 14th day of April, 1931, Isaac Weitz, the assignee, filed the said assignment in the Supreme Court, Kings County.

" The said assignee took possession of the place of business together with the goods contained in the store at No. 5121 10th Avenue on the 13th day of April, 1931.

" On the 14th day of April, 1931, at or about 9:30 A. M. Albert Levine, the Marshal, returned to the aforesaid premises, found the

place locked, and the said Marshal proceeded to put another lock upon the door."

The assignee for the benefit of creditors contends that upon the facts as agreed upon it appears that a proper and sufficient levy was not made by the marshal, and the American Grocery Company, judgment creditor, therefore, did not obtain a lien upon the personal property of Arnold Kogan, the judgment debtor.

The method of levying under a warrant of attachment on personal property capable of manual delivery is prescribed under subdivision 2 of section 917 of the Civil Practice Act as follows: " Upon the personal property capable of manual delivery, including a bond, promissory note, or other instrument for the payment of money, by taking the same into the sheriff's actual custody. He thereupon, without delay, must deliver to the person from whose possession the property is taken, if any, a copy of the warrant and of the affidavits upon which it was granted."

This provision creates a distinct difference in the method of obtaining liens on personal property under executions and those under warrants of attachment. An execution becomes a lien on the judgment debtor's personal property " from the time of the delivery thereof to the proper officer to be executed, but not before." (Civ. Prac. Act, § 679.)

A warrant of attachment, however, does not become a lien until a levy has been made thereunder in strict compliance with the requirements of subdivision 2 of section 917 of the Civil Practice Act.

One of the necessary elements constituting a levy under such section is that the levying officer shall take the personal property levied upon into his actual custody.

The issue in the present case, therefore, resolves itself into whether or not the action of the marshal in the place of business of Arnold Kogan, judgment debtor, on April 9, 1931, constituted a taking of the property into the officer's actual custody.

What the Legislature intended by the use of the words " actual custody " can best be gathered by again contrasting the provisions of the Civil Practice Act concerning executions with those in regard to warrants of attachment. It seems clear that the officer, upon receiving an execution, obtains constructive custody of the judgment debtor's personal property by virtue of the lien created thereby. An actual seizing of the chattels is not necessary.

In the case of a warrant of attachment, actual seizing of the personal property is required. Constructive custody is not provided for in the Civil Practice Act. To seize or obtain custody of property, it is necessary for the officer to have it in full view and to be in a position to take full possession or control. Being so

situated, it is not necessary that any " manual interference " with the personal property be practiced.   (*Roth* v. *Wells*, 29 N. Y. 471.)

A declaration by the officer that he takes the personal property into his custody would be sufficient if he were actually in a position to do so physically.

*Bond* v. *Willett* (31 N. Y. 102; 29 How. Pr. 47, 48), decided this identical point.   In that case the sheriff received an execution against Remsen and Dingee and went to the place of business of the judgment debtor, " communicated his business to the debtor Dingee, told him he had an execution against the firm, showed him the execution, and told him (notwithstanding Dingee's objection that the judgment had been prematurely perfected) ' that he must act under this writ, and must levy on the property.'   Dingee wished to see his lawyer.   The witness told him he must make his levy, and he took up one of the bill heads of the firm, and on it made a memorandum of levy.   *   *   *

" By an arrangement made between the officer and Dingee, the officer agreed to leave the goods levied on in the store, and the next day an order staying proceedings on the execution was served on the sheriff."

The Court of Appeals held this to constitute a levy which would hold good against a *bona fide* purchaser; the law being at that time that, if an actual levy were made, *bona fide* purchasers would take subject thereto.

The court there held (29 How. Pr. 51): " The officer testified that he made the levy with the execution in his hands, which he then exhibited to one of the defendants in the store, with the goods claimed to be levied on in full view; that he then declared such levy made, and made a memorandum thereof and of the goods levied on in the presence of one of the defendants in the execution, and folded the same in the execution, and upon the promise and engagement of the said defendant to permit the goods to remain as they were, the officer left them in the store and in his charge.

" Did these acts and declarations amount to an actual levy upon the 27th of August, 1856?   I cannot have a doubt but they did, and the authorities abundantly sustain this position.   Crocker on Sheriffs, section 425, says: ' A levy upon personal property is the act of taking possession of, attaching or seizing it by the sheriff or other officer, under and by virtue of any execution he may hold against such property, whereby the lien of such execution upon such property becomes perfect, and the property is thereupon deemed to be in the custody of the law.   We have seen that such property is to be deemed in the custody of the law, and subject to the execution from the moment it is delivered to the officer,

when no title of a *bona fide* purchaser, without notice of an execution having been issued, intervenes or is set up. The doctrine to be deduced from the cases is, that no actual or valid levy upon personal property against a *bona fide* purchaser without notice of the execution, can prevail and defeat his title, unless such property is present and subject to the disposition and control of the officer seeking to make the levy. (*Haggerty* agt. *Wilber*, 16 Johns. 287; *Beekman* agt. *Lansing*, 3 Wend. 446; *Butler* agt. *Maynard*, 11 Wend. 548; *Ray* agt. *Harcourt*, 19 Wend. 495; *Barker* agt. *Binninger*, 4 Kern. [14 N. Y.] 270.)"

In *Haggerty* v. *Wilber* (16 Johns. 287, 288), cited in *Bond* v. *Willett*, the court said: " It may be safely laid down, that the sheriff must have the goods under his view, and within his power, to constitute a good levy. A proclamation of a levy of goods locked up, and not within the view of the sheriff, is no levy."

In *Ray* v. *Harcourt* (19 Wend. 495, 497), also cited in *Bond* v. *Willett*, the court stated: " What constitutes a levy, according to the practice in this state, has been very well settled, and is not now open to dispute. The officer must take actual possession, and for this purpose goods should be within his view, and subject to his disposition and control. It is not necessary that he should remove them, or leave an assistant in possession: they may be left with the defendant."

It is true that *Bond* v. *Willett* (*supra*) involved an execution, not a warrant of attachment. But the question decided was whether the officer had taken actual possession under the execution so as to create a lien superior to the rights of a *bona fide* holder.

Not only is that case controlling authority, but in our opinion it is sound and logical law. Property taken into possession by a properly constituted officer is deemed to be in the custody of the court. Although such officer is in duty bound to guard such goods at his peril, his failure to properly do so does not deprive the court of its custody obtained through the actual levy. Especially is this so, where the rights of innocent parties do not intervene, as in the case at bar.

The marshal having announced the making of a levy with the personal property in his immediate view and subject to his physical possession and control, and complying with all the other requirements of the Civil Practice Act, his permitting the property to remain in the care and custody of the debtor did not constitute a relinquishment of the lien created by such levy. Actual custody had been obtained, and the property was, therefore, bound by the lien of the warrant of attachment.

The parties have stipulated that the referee's fees be paid out

of the moneys realized by the sale of the personal property seized under the warrant of attachment which is the subject of this proceeding.

I, therefore, recommend that the motion made by the attaching creditor be granted, and that an order be entered providing that the amount remaining from said moneys after deducting the referee's fees be turned over to the American Grocery Company, the attaching creditor, and that same be credited upon its claim against the debtor.