## DAVIS v. CITY OF NEW YORK.

### No. 217.

Circuit Court of Appeals, Second Circuit.

April 28, 1941.

560

Julius Zizmor, of Brooklyn, N. Y., for appellant.

Sol Charles Levine and William C. Chanler, both of New York City (Bernard H. Sherris and Isaac C. Donner, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The trustee in bankruptcy moved before the referee to compel the City of New York to pay over the proceeds of a sale of the bankrupt's property; the referee granted the petition, but the district judge reversed his order. The facts were as follows. On May 19, 1938, the bankrupt agreed with the City to an assessment of $1171 for sales taxes for which it had theretofore become liable and which it was to pay off in installments. By December 6, 1938, the bankrupt had reduced this to $956, but as it then stopped payments, the City Treasurer, proceeding under subdivision b of § N41-11.0, Chapter 41, of the "Administrative Code" of the City (quoted in the margin *), issued a warrant to an "officer * * * of the department of finance" who docketed it in the office of the Clerk of Kings County, which imposed a lien upon all the property of the bankrupt. On May 16, 1939, the City Treasurer directed the officer to whom he had issued the warrant, to seize the property and he did so. It has been sold in execution of this warrant by order of the bankruptcy court after adjudication, and the proceeds await the determination in this proceeding of the validity of the lien acquired. The bankrupt was insolvent both on December 6, 1938, and May 16, 1939, and so the City's officials knew on both dates. An involuntary petition was filed on June 7, 1939, which was followed by an adjudication on the 17th. The trustee argues that the lien had necessarily disappeared because the bankrupt's shifting stock of merchandise on December 6, 1938, must have completely changed before May 16, 1939; and that if the original levy attached at all, it was only as new goods were substituted. Further, that as to all goods acquired within four months of petition filed, § 60, sub. b, 11 U.S.C.A. § 96, sub. b, invalidated the lien if it did attach, because it arose after the City had learned of the bankrupt's insolvency. We agree with this reasoning, and consequently the result must depend upon § 67, sub. b, 11 U.S.C.A. § 107, sub. b.

This was a "statutory lien" within that section, and not a "lien * * * obtained

* "b. As an additional or alternate remedy, the treasurer may issue a warrant, directed to the sheriff of any county within in the city of New York commanding him to levy upon and sell the real and personal property of the vendor or purchaser which may be found within his county, for the payment of the amount thereof, with any penalties and interest, and the cost of executing the warrant, and to return such warrant to the treasurer and to pay to him the money collected by virtue thereof within sixty days after the receipt of such warrant. The sheriff shall within five days after the receipt of the warrant file with the clerk of his county a copy thereof, and thereupon such clerk shall enter in the judgment docket the name of the person mentioned in the warrant and the amount of the tax, penalties and interest for which the warrant is issued and the date when such copy is filed. Thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest in real and personal property of the person against whom the warrant is issued. The sheriff shall then proceed upon the warrant in the same manner, and with like effect, as that provided by law in respect to executions issued against property upon judgments of a court of record and for services in executing the warrant he shall be entitled to the same fees, which he may collect in the same manner. In the discretion of the treasurer a warrant of like terms, force and effect may be issued and directed to any officer or employee of the department of finance, and in the execution thereof such officer or employee shall have all the powers conferred by law upon sheriffs, but shall be entitled to no fee or compensation in excess of the actual expenses paid in the performance of such duty. If a warrant is returned not satisfied in full, the treasurer may from time to time issue new warrants and shall also have the same remedies to enforce the amount due thereunder as if the city of New York had recovered judgment therefor and execution thereon had been returned unsatisfied." Loc.Laws 1938, p. 270.

by \* \* \* legal \* \* \* proceedings," § 67, sub. a. Henderson v. Mayer, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233; Irby v. Corey, 5 Cir., 95 F.2d 963. It is not necessary to decide whether the lien of an execution issued on a judgment is also a "statutory lien," whenever a statute has been passed to regulate its incidence and effect. The only possible question is as to the use of the word, "may," instead of "shall." While that word can be mandatory (Rock Island County Supervisors v. United States, 4 Wall. 435, 446, 18 L.Ed. 419; United States v. Thoman, 156 U.S. 353, 359, 15 S.Ct. 378, 39 L.Ed. 450), if this were a situation appropriate to the exercise of any discretion, we should construe it in its usual, i. e. in its permissive, sense. We have however been unable to see any proper scope for discretion in these circumstances. Congress cannot of course have meant that the court should decide in each case whether the result of invalidating the lien would be too harsh, thus conferring a dispensing power to be exercised in misericordiam. The most reasonable interpretation seems to us to be that the preference shall depend upon whether the local law "may" create a lien. There was some reason for such a concession; the amendment to § 64, 11 U.S.C.A. § 104, had cut down very considerably the priority given to taxes, and had eliminated altogether any priority for state debts. Perhaps Congress thought § 67, sub. b, in some measure a quid pro quo for what had been taken away.

Order affirmed.