## CITY OF NEW YORK v. HALL.

### No. 227.

Circuit Court of Appeals, Second Circuit.

Jan. 19, 1944.

Murray M. Weinstein, and Ignatius M. Wilkinson, Corp. Counsel, both of New York City (Arthur H. Goldberg, Sol Charles Levine, and Bernard H. Sherris, all of New York City, of counsel), for appellant.

David M. Schwartz, and Jules Shank, both of New York City (Samuel Newfield

and David M. Schwartz, both of New York City, of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Enough has been done here to bring the City's claims within Section 67, sub. b, 11 U.S.C.A. § 107, sub. b. The sole issue is whether they came within Section 67, sub. c, so that they are subordinated to the administration expenses covered by clauses (1) and (2) of Section 64, sub. a, 11 U.S. C.A. § 104, sub. a. And that depends on whether the lien was "accompanied by possession" of the property, which, in turn, depends on the answer to the question whether "possession", as used in Section 67, sub. c, means merely "constructive" possession, for obviously there was not actual possession by the City at the time of the filing of the bankruptcy petition.

Davis v. City of New York, 2 Cir., 119 F.2d 559, does not answer that question, for there the warrant officer had completed the levy and, therefore, had actually seized the property under the warrant before the filing of the petition. The City in its brief concedes that here "the levy and inventory of the bankrupt's property * * * did not occur until an hour or two after the bankruptcy."

▆ The word "possession" drips with ambiguity.[2] It is not a single purpose word [3] and must be contextually construed. That for some purposes, under some sections of the act, it may include "constructive" possession gives us no answer to our question. We are convinced that Section 67, sub. c, meant something more. The aim of that amendment is well discussed in 4 Moore's Collier on Bankruptcy (14th Ed.) 163-164: "As a result of long inaction of tax authorities, liens for taxes which accumulated over a number of years often consumed a bankrupt's entire estate, even to the exclusion of costs and expenses of the bankruptcy proceedings".[4] The facts here are illustrative: the City's claims are for taxes which had accumulated for seven

or eight years respectively. Notwithstanding the admonition of Section 67, sub. c, the City chose to slumber on its rights. Congress intended to penalize such somnolence.

▆ In Section 67, sub. c, Congress obviously had uniformity in mind. Consequently, New York decisions concerning the effect on other creditors of such action as that, here taken by the City,[5] are not controlling. Whether a lien exists within Section 67, sub. b, is a question of State "law". Whether steps taken pursuant to State "law" are sufficient to constitute "possession" under 67, sub. c, is a question of Federal "law".[6] That conduct must adequately warn potential petitioning creditors of the existence of the lien. The City's action did not satisfy that test.

Affirmed.

Appendix

Section 67, subdivisions b and c, of the Bankruptcy Act as amended in 1938, 11 U.S.C.A. § 107, reads as follows:

"b. The provisions of section 60 of this Act to the contrary notwithstanding * * * statutory liens for taxes and debts owing to the United States or any State or subdivision thereof, created or recognized by the laws of the United States or of any State may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy * * *. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court.

"c. Where not enforced by sale before the filing of a petition in bankruptcy * * * though valid under subdivision b of this section, statutory liens, including liens for taxes or debts owing to the United States or to any State or subdivision thereof, on personal property not accompanied

---

2 See, e.g. National Safe Deposit Co. v. Stead, 232 U.S. 58, 67, 68, 34 S.Ct. 209, 58 L.Ed. 504.

3 Cf. United States v. Forness, 2 Cir., 125 F.2d 928, 932; Commissioner v. Marshall, 2 Cir., 125 F.2d 943, 946, 141 A.L.R. 445; Andrews v. Commissioner, 2 Cir., 135 F.2d 314, 317.

4 See, also, the excellent discussion in the concurring opinion of Judge Hutcheson in City of New Orleans v. Harrell, 5 Cir., 134 F.2d 399, 401-402.

5 See e.g. Bond v. Willett, 31 N.Y. 102; Roth v. Wells, 29 N.Y. 471; Matter of Kogan, 141 Misc. 412, 252 N.Y.S. 116.

6 Cf. Prudence Realization Corp. v. Geist, 316 U.S. 89, 95, 62 S.Ct. 978, 86 L.Ed. 1293.

by possession of such property * * * shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision a of section 64 of this Act * * *" Clauses (1) and (2) of Section 64, sub. a follows:

"* * * (1) the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition; * * * the costs and expenses of administration * * *; (2) wages * * *."

The provisions pertaining to the City's tax lien, the docketing of warrants and the execution and enforcement thereof are contained in the local laws imposing the sales and business taxes. The relevant portion of the sales tax law is subdivision b of Section N41—11.0 of the Administrative Code of the City, entitled: "Proceedings to recover tax", which provides as follows: "As an additional or alternate remedy, the treasurer may issue a warrant, directed to the city sheriff commanding him to levy upon and sell the real and personal property of the vendor or officer of a corporate vendor or purchaser which may be found within the city, for the payment of the amount thereof, with any penalties and interest, and the cost of executing the warrant, and to return such warrant to the treasurer and to pay to him the money collected by virtue thereof within sixty days after the receipt of such warrant. The city sheriff shall within five days after the receipt of the warrant file with the county clerk a copy thereof, and thereupon such clerk shall enter in the judgment docket the name of the person mentioned in the warrant and the amount of the tax, penalties and interest for which the warrant is issued and the date when such copy is filed. Thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest in real and personal property of the person against whom the warrant is issued. The city sheriff shall then proceed upon the warrant in the same manner, and with like effect, as that provided by law in respect to executions issued against property upon judgments of a court of record and for services in executing the warrant he shall be entitled to the same fees, which he may collect in the same manner. In the discretion of the treasurer a warrant of like terms, force and effect may be issued and directed to any officer or employee of the department of finance, and in the execution thereof such officer or employee shall have all the powers conferred

by law upon sheriffs, but shall be entitled to no fee or compensation in excess of the actual expenses paid in the performance of such duty. If a warrant is returned not satisfied in full, the treasurer may from time to time issue new warrants and shall also have the same remedies to enforce the amount due thereunder as if the city had recovered judgment therefor and execution thereon had been returned unsatisfied."

The applicable provision of the business tax law is identical in language with the above-quoted section of the sales tax law (Administrative Code, Section RR41—10.0, subd. b).

The New York Civil Practice Act, § 679, reads as follows: "§ 679. Personal property bound by execution. The goods and chattels of a judgment debtor, not exempt, by express provision of law, from levy and sale by virtue of an execution, and his other personal property which is expressly declared by law to be subject to levy of an execution, are bound by the execution, when situated within the jurisdiction of the officer to whom an execution against property is delivered, from the time of the delivery thereof to the proper officer to be executed, but not before."