DIVISION OF LABOR LAW ENFORCE-
MENT, STATE OF CALIFORNIA, v.
GOGGIN et al.

No. 11669.

Circuit Court of Appeals, Ninth Circuit.
Dec. 9, 1947.

Writ of Certiorari Granted March 29, 1948.
See 68 S.Ct. 746.

Pauline Nightingale and Edward M. Belasco, Attys., Div. of Labor Law Enforcement, both of Los Angeles, Cal., for appellant.

Sewall Key, Acting Asst. Atty. Gen., A. F. Prescott and Fred E. Youngman, Sp. Assts, to Atty. Gen., and James M. Carter, U.S. Atty., and Loren P. Oakes, Sp. Atty., Bureau of Internal Revenue, both of Los Angeles, Cal., for appellee Westover.

Martin Gendel, of Los Angeles, Cal., for appellee Goggin.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

---

[4] Of course, we cannot thus expect to attain certainty, for certainty on such a subject as public opinion is unattainable.

STEPHENS, Circuit Judge.

The Kessco Engineering Corporation, a California corporation, brought a voluntary petition in bankruptcy, and orders of adjudication and general reference were made on March 26, 1946. At that time the Collector of Internal Revenue had physical possession of the assets of said bankrupt pursuant to certain tax claims, notices of such liens having been filed. The property was put up for sale, but the sale was never completed because the price obtainable was unsatisfactory. The collector then relinquished the assets to the receiver in bankruptcy under an alleged agreement made by and between an official of the Bureau of Internal Revenue and the said receiver, George T. Goggin, in the following circumstances. The Los Angeles office of the collector was contacted in regard to the assets and their sales value by Goggin. A telegram was thereafter sent by the Bureau to the Los Angeles office as follows: "Reference to telephone conversation today with Mr. Webb [member of the Los Angeles office of Internal Revenue] relative to Kessco Engineering Corporation, bankrupt, no objection by this office to Collector relinquishing personal property to Trustee for sale. Government's lien to attach to proceeds from sale subject to Trustee's expenses including costs of sale." The information as to these transactions were received, but no formal acceptance or acquiescence by the receiver was ever made. No notice thereof was given to the creditors or other parties in interest, nor was any notice of an intended trustee's sale ever given them. The receiver, with knowledge of the telegram, took physical possession of the assets from the collector and later in the capacity as trustee caused the assets to be sold at public auction. What notice, if any, was given does not appear in the record. Prior wage claimants filed their wage claims against the assets through the Division of Labor Law Enforcement of California. The referee put the government's claim ahead of the wage claims to the same extent as though the lien on the property followed the proceeds of its sale. The district court confirmed, and the labor claimants appeal through the California Division of Labor.

The appellant takes the position that by surrendering possession of the assets to the receiver, the collector lost the superior position which he had theretofore enjoyed. It is contended that the collector, not having enforced his lien by sale, subjected himself and his claim to the provisions of Section 67, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c, when he appeared in the proceedings and voluntarily surrendered possession of personal property to the trustee, and that the alleged agreement heretofore detailed has no legal binding effect on statutory rights of prior wage claimants. It is also urged that, since the referee directed payment of expenses of administration prior to payment of the collector's lien, Section 67, sub. c, of the Act makes it obligatory to also pay the labor claims before payment of the government's claim.

The referee's order and judgment in the district court upheld the superiority of the lien and approved the action on the agreement.

The appellees, in support of the judgment, urge that the agreement or conditions attached by the government to the release and sale of the personal property protected them against loss of superior position. The determination of this question rests upon the construction of Section 67, sub. c, of the Bankruptcy Act, which provides as follows: "Where not enforced by sale before the filing of a petition in bankruptcy or of an original petition under chapter 10, 11, 12, or 13 of this Act, though valid under subdivision b of this section, statutory liens, including liens for taxes or debts owing to the United States or to any State or subdivision thereof, on personal property not accompanied by *possession* [emphasis ours] of such property, and liens whether statutory or not, of distress for rent shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision a of section 64 of this Act, and, except as against other liens, such liens for wages or for rent shall be restricted in the amount of their payments to the same extent as provided for wages and rent respectively in subdivision a of section 64 of this Act." Section 64, sub. a, of the Act, 11 U.S.C.A. § 104, sub. a, provides, respectively, for priority of expenses of administration and for wages

of a restricted amount earned within a given time before bankruptcy proceedings, to be paid in advance of payment of dividends to creditors.

At the time the proceedings began, the collector had possession of the assets, but he subsequently relinquished them to the receiver and trustee in the already mentioned circumstances. Did the lien follow and attach to the sale proceeds?

The appellants contend that possession under the statute means *actual* possession prior to and subsequent to the filing of the petition in bankruptcy, whereas appellees contend that actual possession, which was enjoyed at the time the action in bankruptcy was commenced, need not be retained in order to protect priority in payment.

We agree with the Second Circuit in City of New York v. Hall, 139 F.2d 935, in the holding that "possession" as used in Section 67, sub. c, means actual possession, the purpose being to protect and give warning to creditors. In the instant case the government had actual possession, but it surrendered that possession by virtue of a bargain with the receiver without taking into account the wage and creditor claimants. The Act provides that wage claims come ahead of the government lien in distribution of proceeds of sale of property not in possession of the government lien holder. The government lien holder must either sell the property under its lien or eventually surrender it into the bankruptcy proceedings. We find no authority whatever for the proposition that the government can turn the property over to the trustee under a consent based upon the receiver's assurance that the lien shall continue upon the property and also upon the money it may bring when sold as a part of the bankruptcy estate. It is our opinion that the wage claimants had certain statutory rights at the inception of the bankruptcy proceedings, and such rights remained throughout the proceedings, modified by the actual possession of the assets. The fact, as is claimed, that the receiver could make the sale to better advantage, is irrelevant, for the question is one of power and not of business judgment. The statutory requirements may not be disregarded through private agreements which affect others' rights without their consent.

In what circumstances, if at all, a statutory lien on personal property as a lien may be transferred to the proceeds of the sale of such property by agreement of all concerned need not be considered. Here we have a definite statutory provision based upon a well-understood reason limiting this lien to the actual possession of the property.

We think no argument is necessary or authorities required to support our conclusion that costs of administration come first in the distribution of proceeds derived from property which has been under the jurisdiction of the bankruptcy court.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.