**In the Matter of MARTIN WOODCRAFT CORPORATION, Bankrupt.**

**No. 52063.**

United States District Court
E. D. New York.

April 12, 1955.

Sherman D. Warner, Jamaica, N. Y., Referee in Bankruptcy.

Leonard P. Moore, U. S. Atty., Eastern Dist. of N. Y., Brooklyn, N. Y., John W. Wydler, Asst. U. S. Atty., Garden City, N. Y., of counsel, for the United States.

Siegel & Brownstein, New York City, and Herman G. Robbins, Brooklyn, N. Y., Benjamin Brownstein, New York City, of counsel, for trustee.

BRUCHHAUSEN, District Judge.

The petitioner, United States of America, on behalf of the Director of Internal Revenue, seeks a review of an order made by the Referee in Bankruptcy, appointed in this proceeding, dated March 10, 1955.

The said order adjudged in substance that the right of possession of the Trustee in Bankruptcy as to the bankrupt's assets and his right of sale thereof were paramount to the rights that the Director of Internal Revenue might have acquired by virtue of any tax lien filed against such property, prior to the bankruptcy.

The question involved is whether the Director was lawfully in possession of the assets at the time of the bankruptcy. If so, the further point raised as to whether the lien was duly filed would have no materiality.

The pertinent facts are not in dispute. On December 7, 1954, the Director of Internal Revenue made a levy upon the assets of the bankrupt, located at the bankrupt's premises in Hicksville, Long Island, New York. This property has not been removed from the said premises.

On December 17, 1954, an involuntary petition in bankruptcy was filed, and in connection therewith, an order bearing the same date was entered herein, staying the United States from proceeding with the sale of the said assets under the said levy, theretofore made ten days previously.

The Trustee contends that the Government's lien was not filed in the proper County. This the Government does not deny. The Government urges that such defect is not material inasmuch as it reduced its lien to possession, thus placing the property beyond the reach of the Bankruptcy Courts and its Receiver and Trustee.

The case of Goggin v. Division of Labor Law Enforcement of California, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543, involved the question of whether a lien for taxes, perfected by possession prior to the filing of the petition in bankruptcy, was subordinate to wage claims. It appeared that the "possession" required by Section 67, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c, was subsequently relinquished to the trustee in bankruptcy for sale. The Court held that the lien was valid and was not relinquished by subsequent surrender.

That case strongly supports the Government's contention herein, especially in that no arrangement was made with the trustee herein to relinquish possession. The property seized herein was never physically removed. The question is whether such failure to physically remove the property should defeat the Government's rights.

It is evident such removal would be unnecessary, costly, and serve no useful purpose and increase the cost of satisfying the lien.

While the Government's lien may have been defective for want of filing in the proper County, the cited case of United States v. Sands, 2 Cir., 1949, 174 F.2d 384, holds that subsequent possession cures defective filing. The sole function of the filing of the lien is the giving of notice. Surely the Government's taking possession is the best possible notice.

The Trustee cites the case of In re Florence Commercial Co., 9 Cir., 19 F.2d 468, as a case closer in point than the Sands case, supra, arguing that in the latter case, the property was physically removed from the debtor's premises. While the Florence Commercial Co. case, supra, might have been more pertinent on its facts, it is not on its law, for the Trustee in that case sought a determination of the validity and amount of a tax lien in the bankruptcy court and the tax lienor argued that this could only be determined in a plenary suit. But in this case neither the motion nor cross-motion upon which the order appealed from is based, seek such a determination.

See also Davis v. City of New York, 2 Cir., 119 F.2d 559, and City of New York v. Hall, 2 Cir., 139 F.2d 935. While the latter case held against the tax lienor, a comparison of it with this case establishes the validity of the Government's position as to possession.

The Government being in possession of the property, the case of Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L. Ed. 97, is authority for the principle that the bankruptcy court does not possess the power to oust it therefrom. See also In re Rathman, 8 Cir., 183 F. 913.

The bankruptcy court could not obtain jurisdiction over this property other than by an express or implied waiver on the part of the tax lienor—government. By each succeeding step taken in this case, the Government has consistently opposed interference with its lawful possession and lien. While the order sought to be reviewed is on a motion made before the Referee, it was more the result of seek-

ing a determination of rights than for positive relief. See Louisville Trust Co. v. Comingor, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413. While the bankruptcy court's function is to examine such an adverse claim and determine if it has substance, it can not retain further jurisdiction in the absence of consent. Cline v. Kaplan, supra, Louisville Trust Co. v. Comingor, supra. The cases cited by the Trustee indicating such waiver are not relevant.

In the case of McDonald v. Plymouth Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093, there was a stipulated consent in open court, to summary jurisdiction. In the case of In re Engineers Oil Properties Corporation, D.C., 72 F.Supp. 989, the adverse claimant was in reality a disinterested stakeholder, also seeking affirmative relief. See Commercial Security Co. v. Holcombe, 5 Cir., 262 F. 657, for an indication of waiver, quite different from the situation in the instant case.

The order of the Referee is reversed. Settle order on notice.