Alexander **HENKIN**, as Trustee in Bankruptcy of Martin Woodcraft Corporation, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 236, Docket 23678.

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1956.

Decided Feb. 15, 1956.

**896**

Benjamin Brownstein, New York City (Siegel & Brownstein, New York City, and Herman G. Robbins, Brooklyn, N. Y., on the brief), for appellant.

John W. Wydler, Asst. U. S. Atty. for the Eastern Dist. of New York, Brooklyn, N. Y. (Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.

CLARK, Chief Judge.

The plaintiff, a trustee in bankruptcy, here appeals from a decision refusing him authority to sell property of the bankrupt free of a lien for unpaid taxes and vacating a stay which had prevented the government from enforcing its claim. The decision, which is reported in D.C.E. D.N.Y., 130 F.Supp. 443, reversed an order of a referee in bankruptcy in his favor.

The bankrupt, Martin Woodcraft Corporation, was engaged in the business of manufacturing formica-top furniture. On December 7, 1954, the District Director of Internal Revenue took steps to perfect a lien for unpaid taxes against the bankrupt's property in Hicksville, Long Island, New York; but he filed the notice of lien in Nassau County, rather than in New York County, where the principal office of the bankrupt was located. At the same time the government seized all of the assets of the bankrupt by levy and distraint under the asserted lien, and noticed their sale for December 27, 1954. On December 17, 1954, an involuntary petition in bankruptcy was filed against the bankrupt, which led in due course to its adjudication; the bankruptcy court then entered an order staying the projected sale by the government. Thereafter the trustee made a motion that the government's alleged lien be adjudged null and void or, if valid, be postponed in payment to the debts specified in § 64, sub. a(1) and (2), of the Bankruptcy Act, 11 U.S.C. § 104, sub. a(1) and (2). The government thereupon made a cross motion seeking permission to proceed with the sale of the bankrupt's property and to vacate the stay contained in the prior order. Referee Sherman D. Warner, to whom the proceedings had been referred, denied the government's cross motion, but granted the trustee's motion to the extent that he was authorized to sell the property free and clear of the alleged lien, with the alleged lien, if any, to attach to the net proceeds of the sale. This order was reversed by Judge Bruchhausen, who granted the cross motion of the government in the decision from which the appeal is taken.

Subsequent to the decision below, the property was sold by the United States pursuant to a stipulation of the parties whereby the net proceeds of sale

were to be deposited with the Clerk of the District Court pending the determination of this appeal without prejudice to the rights, liens, or claims of the parties. This sale does not, however, render the case moot, since if the decision below is correct, the trustee may now challenge the validity of the government's lien only by a plenary suit; while if the decision is erroneous, the government's claim may be summarily invalidated by the bankruptcy court or postponed in payment to the debts specified in § 64, sub. a(1) and (2), of the Bankruptcy Act.

The ruling that the bankruptcy court lacked jurisdiction of this property seized by the government under its tax lien is quite clearly correct. Whatever question there may have been as to the validity of the lien in view of the place of its filing, the seizure of the property under warrants for distraint gave possession and priorities which could not be vitiated by the subsequent institution of bankruptcy proceedings. Goggin v. Division of Labor Law Enforcement, State of Cal., 336 U.S. 118, 69 S.Ct. 469, 93 L. Ed. 543; Davis v. City of New York, 2 Cir., 119 F.2d 559; United States v. Sands, 2 Cir., 174 F.2d 384. Since the United States was an adverse claimant in possession of the property, the bankruptcy court was without jurisdiction to oust it therefrom. Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97. So far as In re Florence Commercial Co., 9 Cir., 19 F.2d 468, certiorari denied Truman v. Thalheimer, 275 U.S. 542, 48 S.Ct. 37, 72 L.Ed. 415, appears to support the trustee's contention, it must be considered as overruled by Cline v. Kaplan, supra, 323 U.S. 97, 65 S.Ct. 155. See also In the Matter of Brokol Mfg. Co., 3 Cir., 221 F.2d 640, 643; City and County of Denver v. Warner, 10 Cir., 169 F.2d 508, 511; United States v. Eiland, 4 Cir., 223 F.2d 118.

Appellant also contends that the government's cross motion constituted a submission to the jurisdiction of the bankruptcy court having the effect of waiver of all objections to summary jurisdiction. But, as the entire record discloses, the efforts of the United States were directed toward the vacation of the stay of December 17, 1954, rather than toward the attainment of affirmative relief. The court having intervened to prevent the scheduled sale by the government, the government had no alternative but to become a party to the proceedings. Consent to summary jurisdiction is thus lacking, as in Cline v. Kaplan, supra, 323 U.S. 97, 99, 65 S.Ct. 155, 156, where the Court stated:

"Consent to proceed summarily may be formally expressed, or the right to litigate the disputed claim by the ordinary procedure in a plenary suit, like the right to a jury trial, may be waived by failure to make timely objection. MacDonald v. Plymouth County Trust Co., supra, 286 U.S. [263] at pages 266, 267, 52 S.Ct. [505] at page 506, 76 L.Ed. 1093. Consent is wanting where the claimant has throughout resisted the petition for a turnover order and where he has made formal protest against the exercise of summary jurisdiction by the bankruptcy court before that court has made a final order. Louisville Trust Co. v. Comingor, supra [184 U.S. 18, 25–26, 22 S.Ct. 293, 46 L.Ed. 413]."

Hence the bankruptcy court was without jurisdiction to oust the government of its possession of this property.

Affirmed.