In The Matter of GEORGE SHIRT COMPANY, Inc., Bankrupt.

No. 10785.

United States District Court
D. Maryland.

June 13, 1958.

Leon H. A. Pierson, U. S. Atty., and Robert E. Cahill, Asst. U. S. Atty., Baltimore, Md., for United States.

John W. T. Webb, Salisbury, Md., for trustee.

THOMSEN, Chief Judge.

The trustee herein seeks review of a decision by the referee that the government's tax lien on certain tangible per-

sonal property of the bankrupt was "accompanied by possession of such property", and therefore not postponed in payment to administration expenses and wage claims under sec. 67, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c.

The facts are not disputed. On May 15, 1957, the District Director of Internal Revenue made an assessment against George Shirt Company, Inc., of Wicomico County, Maryland, for unpaid withholding and social security taxes in the amount of $2,666.82, and on July 26, 1957, levied on the machinery of the company under 26 U.S.C.A. § 6331 for an unpaid balance of $1,957.55. Notices of seizure were posted on the walls of the plants, the machines were tagged, and notice of levy and an inventory were served on an officer of the company, as required by sec. 6335(a). The keys to the factory were not turned over to the District Director; he allowed the company to continue operations for several weeks, completing work on hand, and to negotiate for a private sale of the property. Several days after the levy the District Director allowed the tags to be removed from the machines. He took no steps to sell the property under the levy, pursuant to sec. 6335(b). When the work on the materials on hand had been completed, the company turned the keys over to its attorney, who refused to deliver them to the District Director.

At the time of the levy about $3,500.00 was due employees of the factory for unpaid wages. On September 27, 1957, seven of those employees filed a petition in bankruptcy against the company. On October 7, the company was adjudicated bankrupt; a receiver was appointed, and, subsequently, a trustee was elected and qualified.

On October 15, 1957, the receiver filed a petition for leave to inventory, appraise and return as a part of the bankruptcy estate the machinery and equipment upon which the levy had been made. After a hearing, the referee denied the petition. This appeal is taken from that denial.

The property was sold by the government for $2,613.12, and the proceeds deposited in the registry of this court.

The trustee concedes that the government's lien on the machinery is valid against the trustee under sec. 67, sub. b of the Bankruptcy Act, but contends that it was not "accompanied by possession of such property" and therefore "postponed in payment to the debts specified in clauses (1) and (2) of subdivision (a) of section 64", as provided by sec. 67, sub. c. Sec. 64, sub. a gives priority to (1) administration costs, and (2) wages not to exceed $600 to each claimant, earned within three months before the date of the commencement of the bankruptcy proceeding. The wage claims in this case all arose within the three month period and before the July 26 levy by the District Director.

■ The first part of sec. 67, sub. c, with which we are concerned in the instant case, was adopted in 1939 to protect wage earners. Goggin v. Division of Labor Law Enforcement of California, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543; In re Quaker City Uniform Co., 3 Cir., 238 F.2d 155. The term "possession" was not defined. In City of New York v. Hall, 2 Cir., 139 F.2d 935, 936, the court said: "The word 'possession' drips with ambiguity. It is not a single purpose word and must be contextually construed. That for some purposes, under some sections of the act, it may include 'constructive' possession gives us no answer to our question. We are convinced that Section 67, sub. c, meant something more. * * * Whether a lien exists within Section 67, sub. b, is a question of State 'law'. Whether steps taken pursuant to State 'law' are sufficient to constitute 'possession' under 67, sub. c, is a question of Federal 'law'. That conduct must adequately warn potential petitioning creditors of the existence of the lien." In 1952 Congress added the second part of sec. 67, sub. c, usually referred to as sec. 67, sub. c(2), which deals with certain liens on personal property "not accompanied by possession of, or by levy

upon or by sequestration or distraint of, such property." Remington on Bankruptcy (Henderson ed.) sec. 1637.2, suggests that the "further phrasing" in sec. 67, sub. c(2) was stimulated by the comments in City of New York v. Hall, and indicates that only actual possession of personalty, prior to and at the time of the filing of the petition in bankruptcy, either by the lienholder or an agent, servant or officer acting for him, will satisfy sec. 67, sub. c(1).

As Remington notes, there is no precedent directly in point on the facts in this proceeding; the cases dealing with possession and abandonment of possession under levies, executions and attachments apply various rules to reach various results under various statutory provisions. See 21 Am.Jur., Executions, secs. 107, 108, 110, 129, 142; 21 Am.Jur., Attachment and Garnishment, secs. 536, 537, 541, 542, 543. We are not dealing here with the validity of the levy or with the possible loss of its lien. We are dealing with a narrow question of priorities, where Congress has indicated an intention to protect wage earners. It is not necessary to decide whether anything less than actual posession of tangible personal property will ever satisfy the statutory provision; constructive possession may be sufficient in certain cases. But in the instant case the District Director did not "do all he could" to secure and retain possession of the property. Cf. United States v. Eiland, 4 Cir., 223 F.2d 118, 123. He did not take the keys of the factory; he left no representative in charge; he did not constitute an officer or employee of taxpayer his agent to hold the tangible personal property; he allowed taxpayer to continue its operations and to use the machines; he removed the tags from the machines; he took no steps to sell the property under the levy, but allowed taxpayer to negotiate for a private sale. Under these facts, the government's lien was not "accompanied by possession" within the meaning of sec. 67, sub. c, and must be postponed to administration expenses and such wage claims as are provided for by sec. 64, sub. a(2).

The decision of the referee is reversed and the matter is remanded to him for further proceedings consistent with this order.