**In the Matter of VOGUE BAG CO., Inc., Bankrupt.**

**No. 54727.**

United States District Court
E. D. New York.

Dec. 2, 1958.

Bernard M. Rifkin, Brooklyn, N. Y., for petitioning creditors.

ZAVATT, District Judge.

This is a petition to review the order of the Referee in Bankruptcy dated August 15, 1958. There is no dispute as to the facts involved in this proceeding:

(1) On August 23, 1957, Vogue Bag Co., Inc., the bankrupt, entered into an agreement with R. H. Herman & Co., Inc. under which cash was advanced to Vogue on the security of accounts receivable assigned to Herman. The agreement called for Herman to purchase accounts receivable and to pay up to 75% of the net amounts thereof, the remainder (less commissions of one-fifteenth of 1% per month on the average daily cash balance and less deductions by debtors, unpaid compensation, charges and expenses, and plus any overpayments by debtors) to be paid by Herman after receipt of payment of such accounts and at such times as it might determine. The contract provided for the repurchase by Vogue of any ac-

count remaining unpaid for ninety days. At its option Herman could charge such amount against any payment then or thereafter due Vogue. The contract provided for a further charge against such payments to cover Herman's expenses in connection with the filing of any petition in bankruptcy against Vogue. Under the contract Vogue was to deliver to Herman a duplicate invoice and original shipping receipt for each account purchased, and was required to deliver all payments on said accounts to Herman on the day of receipt. Herman was vested with all of Vogue's rights with respect to each such account.

(2) On September 13, and December 6, 1957 assessments for taxes against Vogue were made by the District Director of Internal Revenue, which assessments, with statutory additions, amounted to $3,840.64.

(3) On March 13, or 14, 1958, a Notice of Levy, Form 668–A, was served upon Herman by the District Director. This covered the aforementioned assessments against Vogue, and declared:

" * * * you are * * * notified that all property, rights to property, moneys, credits and bank deposits now in your possession and belonging to [Vogue] (or with respect to which you are obligated) and all sums of money or other obligations owing from you to this taxpayer are hereby levied upon and seized for satisfaction of the aforesaid tax, together with all additions provided by law, and demand is hereby made upon you for the amount necessary to satisfy the liability set forth herein, or for such lesser sum as you may be indebted to him, to be applied as a payment on his tax liability."

(4) At the time of the service of this notice Herman did not hold any funds then due Vogue. There was a balance due Herman of $31,248.81, for which it held accounts receivable of the face value of $46,521.59.

(5) On March 21, 1958 an involuntary petition in bankruptcy was filed against Vogue. Adjudication in bankruptcy was entered April 8, 1958.

(6) As of the date of the filing of the petition in bankruptcy there was due Herman the sum of $23,422.29, upon which it was holding accounts receivable of the face value of $41,549.52.

(7) On July 14, 1958, the date of a hearing before the Referee, Herman maintained a credit balance in Vogue's favor in the amount of $3,021.05, together wtih uncollected accounts receivable in the amount of $12,924.70. There were, further, undetermined amounts of returned merchandise belonging to Vogue, and being held by Herman.

Upon the trustee's motion the Referee entered the order herein reviewed directing that that part of the District Director's claim for taxes asserting a lien in the sum of $3,840.64 be subordinated and postponed in payment to administration expenses and wage claims as set forth in section 64, sub. a(1, 2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(1, 2), and further directing that Herman pay over to the trustee the funds in its possession belonging to the bankrupt, after payment of the amounts due it under the contract, and that Herman reassign to the bankrupt all outstanding and uncollected accounts receivable, and turn over all merchandise returned to it. The Referee correctly found that at the time the notice of levy was served Herman had not been paid the amounts due it under its agreement with Vogue, and did not hold any funds due Vogue, but held accounts receivable assigned to it as security for moneys advanced to Vogue. The Referee found that the security belonged to Herman until it was paid in full, and that ten days after the filing of the petition in bankruptcy Herman still remained unpaid under the factoring agreement. He concluded that on the date of the filing of the petition the District Director was not in actual possession of any property belonging to the bankrupt. United States v. Eiland, 4 Cir., 1955, 223 F.2d 118, was distinguished by the Referee on the ground that there levy was made on

a company which was at the time a "direct debtor" of the taxpayer.

The question presented for review by the instant petition is whether, by virtue of the foregoing, the Government held a lien for taxes on personal property accompanied by possession of such property, as stated in section 67, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c, at the time of the filing of the involuntary petition in bankruptcy. If the answer to this question is in the affirmative such lien may not be postponed in payment to the debts specified in section 64, sub. a(1, 2) of the Bankruptcy Act. The Court is satisfied that this is a question of first instance insofar as there is involved herein a determination of the effect upon the priorities in the distribution of a bankrupt's estate of the Government's service of a notice of levy upon a factor, in an attempt to reach a taxpayer's interest in factored accounts receivable at a time when there is no amount due the taxpayer from the factor. A determination of this question could well have far-reaching implications. Such being the case, the Court should satisfy itself that there is an actual need that the instant issue be reached in order to enable the proper administration of the bankrupt estate.

It can be seen that here the United States claims priority, over administration expenses and wage claims, to Vogue's interest in the hands of Herman to the extent of $3,840.64. Herman admits holding $3,021.15 belonging to Vogue, together with $12,924.70 of uncollected accounts receivable, and an undetermined amount of returned merchandise. There is nothing on the record properly before this Court to indicate the extent of other items which may comprise part of the gross estate of the bankrupt. Nor does the Court have any means to gauge the amount of the administration expenses, wage claims, if any, nor the priority of other statutory liens, if any, involved herein. It may well be that the estate will be sufficient to pay all administration expenses and

wage claims, if any, and the amount of $3,840.64, as to which priority is claimed by the United States. If such is the case the issue of priorities as it now appears to exist would be moot, and the situation would be analogous to that before the Supreme Court in People of State of California v. San Pablo & T. R. Co., 1893, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747, where it was stated:

> " * * * The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. * * * "

The United States appears to have impliedly consented to the jurisdiction of the bankruptcy court to adjudicate its position, vis-a-vis the trustee's claims, with respect to Vogue's property in the hands of Herman. Cf., Henkin v. United States, 2 Cir., 1956, 229 F.2d 895. The Court is aware of no scheduled sale by the Government of any "property" which it claims to have seized, nor of any action by the Government against Herman under 26 U.S.C. § 6332(b). Accordingly, it can matter little that the question of priorities be deferred until the amount of the bankrupt estate is ascertained. As stated previously, there may be no need to decide this question.

This matter will be remanded to the Referee to report back to this Court at such time as it is known whether the bankrupt's estate available for distribution is sufficient to pay in full the claims granted priority by section 64, sub. a(1, 2) of the Bankruptcy Act together with

the instant claim as to which the Government claims priority. The order of the Referee will be stayed pending such report.

Settle order on notice.