Per Curiam.

It was not essential to a valid levy in the circumstances of this case that the Marshal take the property levied upon away from the judgment debtor. The property was inventoried by the Marshal and the debtor put on notice that it was being levied upon pursuant to the execution lodged with the Marshal, who left with the debtor copies of the execution, inventory and notice of sale and posted a notice of levy. The Marshal thereby exercised dominion and took custody of the property pursuant to the levy and it passed from the debtor’s custody and was placed in custodia legis. (Bond v. Willett, 31 N. Y. 102; Barker v. Binninger, 14 N. Y. 270; Wehle v. Conner, 83 N. Y. 231, 235; Matter of Kogan, 141 Misc. 412; Ray v. Harcourt, 19 Wend. 495.) Since appellant’s execution was prior in time to respondent’s and the levy thereunder was valid, appellant’s execution was entitled to priority over that of respondent.
The order should be reversed, with $10 costs to appellant and the matter remitted to the court below for appropriate proceedings in accordance herewith.
Concur — Hofstadter, J. P., Tilzer and Heciit, JJ.
Order reversed, etc.